[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 118.]

HACKER ET AL., APPELLEES, *v.* DICKMAN ET AL.; STATE AUTO INSURANCE

COMPANIES ET AL., APPELLANTS.

[Cite as *Hacker v. Dickman*, 1996-Ohio-98.]

*Insurance—Contract language using pronouns "you" and "your" not ambiguous
when definitions section of policy defines the terms.*

————————————

(No. 94-2400—Submitted November 14, 1995—Decided March 4, 1996.)

CERTIFIED by the Court of Appeals for Erie County, No E-93-65.

————————————

{¶ 1} This appeal stems from Charles and Dianne Hacker's ("Hackers") supplemental petition filed under R.C. 3929.06 against Southern Home Insurance Company and State Auto Insurance Companies (collectively "State Auto"). With their petition, the Hackers sought to have the insurance provided under Gary L. Dickman's ("Gary") automobile liability insurance contract with State Auto applied to the satisfaction of a judgment in their favor against Judith Dickman ("Judith"), Gary's wife.

{¶ 2} The underlying liability suit involved a 1973 Chevrolet pickup truck jointly owned by Gary and his neighbor, Walter Swiger. In December 1985, Gary was driving the truck when it collided with Charles Hacker's vehicle. At the time of the accident, Judith was a passenger in the truck.

{¶ 3} The Hackers sued, among others, Gary and Judith Dickman for the bodily injuries Charles Hacker sustained and for Dianne Hacker's loss of consortium. During discovery, Judith admitted that at the time of the collision, Gary was serving as her agent. The case proceeded to trial and the jury returned verdicts in the aggregate amount of $820,000 against Gary and Judith, jointly.

**{¶ 4}** The Hackers focused on obtaining satisfaction of the judgment from State Auto. State Auto and Gary were parties to an automobile liability insurance contract, in which Gary was the "named insured," but in which the 1973 truck was not a "covered auto." The insurance policy provided a maximum of five hundred thousand dollars bodily injury coverage. In a separate declaratory judgment action, the trial court had declared that the policy did not provide <u>Gary</u> with liability coverage for his use of the 1973 truck.

**{¶ 5}** Seeking to recover on the State Auto policy for the liability of *Judith*, the Hackers filed this case, a supplemental petition pursuant to R.C. 3929.06. Both State Auto and the Hackers moved for summary judgment. The Hackers claimed that even though Gary was not covered under the insurance policy, the policy extended liability coverage to Judith for the judgment rendered against her. State Auto contended that Judith was excluded from coverage under the same policy exclusion which denied coverage to Gary. The exclusion reads, in pertinent part:

"B. We do not provide Liability Coverage for the ownership, maintenance or use of:

" ***

"2. Any vehicle, other than your covered auto, which is:

"a. owned by you ***."

**{¶ 6}** The trial court granted the Hackers' motion for summary judgment and State Auto appealed.

**{¶ 7}** The court of appeals affirmed. Its opinion was limited to a determination that State Auto's interpretation of the policy required a strained and unreasonable interpretation and that "given the common and ordinary meaning of the insurance policy, the exclusionary clause" did not apply to Judith Dickman. Finding that its decision was in conflict with that pronounced by the Seventh Appellate District in *Webster v. Royal Ins. Co. of Am.* (Apr. 9, 1990), Mahoning App. No. 89 C.A. 13, unreported, the court of appeals entered an order certifying a

conflict. This cause us now before this court upon our determination that a conflict exists.

––––––––––––––––––

*Murray & Murray Co., L.P.A.*, *W. Patrick Murray* and *Steven C. Bechtel*, for appellees.

*Flynn, Py & Kruse, L.P.A.*, *John A. Coppeler* and *Randolph E. Digges*, III, for appellants.

––––––––––––––––––

**COOK, J.**

{¶ 8} In this case we consider the argument that a clause in an insurance policy which employs the pronoun "you" may have different meanings, depending on the perspective and circumstances of the particular "covered person" reading it. We reject such a proposition in favor of according to pronouns in a contract applicable to more than one person, a uniform meaning consistent with policy definitions.

{¶ 9} It is well-settled law in Ohio that "[w]here provisions of a contract of insurance are *reasonably* susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." (Emphasis added.) *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus; see, also, *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 68 O.O.2d 56, 313 N.E.2d 844. It is axiomatic that this rule can not be employed to create ambiguity where there is none. It is only when a provision in a policy is susceptible to more than one reasonable interpretation that an ambiguity exists in which the provision must be resolved in favor of the insured.

{¶ 10} In the present case, both State Auto and the Hackers acknowledge that Judith Dickman was a "covered person" under Gary's automobile insurance policy and that the Chevrolet truck was not a "covered auto." State Auto, therefore, maintains that Judith's use of the 1973 truck was unambiguously excluded from

coverage by the  clause in its contract with Gary, denying coverage for the use of a vehicle unlisted in the declaration section of the policy as a "covered auto" which is "owned by you."

{¶ 11} The pronouns "you" and "your" are defined in the policy.

{¶ 12} "Throughout this policy, 'you' and 'your' *refer* to:

"1.  The 'named insured' shown in the Declarations; and

"2.  The spouse if a resident of the same household."

{¶ 13} In urging this court find the (B)(2) exclusion ambiguous, the Hackers argue that the words "you" and "your" should be given their ordinary and commonly understood meaning and that each covered person under the policy has a right to read the contract and assume that the word "you" applies in a particularized way to that person.  Thus, the Hackers argue that when Judith read this exclusion, she would have reasonably concluded that, the phrase "owned by you" did not exclude her from coverage because Gary and the neighbor owned the truck, and she did not.

{¶ 14} The Hackers' argument, however, would obviate the policy's definition of "you."  The policy definition requires that "you" *references* both Gary as the named insured and Judith as the resident spouse. Judith, therefore, can not reasonably claim that "owned by you," when she reads it, does not encompass the circumstance of Gary's ownership as the named insured which triggers the exclusion.  The only reasonable interpretation of the exclusion language with the policy's definition of "you" is that, State Auto does not cover the use of a vehicle not listed in the declarations which is owned by the named insured, and State Auto does not cover the use of a vehicle not listed in the declarations which is owned by a resident spouse.   Judith's liability arises from the use of a vehicle not declared in the policy but which was owned by Gary, one of the two alternatives listed in the definition of "you."  Inasmuch as one of the alternatives of the definition of "you"

4

avails to implicate the exclusion, coverage is not provided for this incident for Judith.

{¶ 15} The derivative nature of Judith's coverage supports this analysis; that is, she is covered as a consequence of being a resident spouse, and likewise, the application of the exclusion is derivative from Gary as the named insured.

{¶ 16} The Hacker's put forth an alternative basis for claiming that this court must interpret the exclusion in her favor. The Hackers argue that under the policy's definition of "you," the named insured and the resident spouse are one entity. In other words, "you" means Gary and Judith Dickman jointly or collectively. According to that reading, unless the 1973 truck was owned by *both* Judith and Gary, the exclusion is inapplicable.

{¶ 17} A reasonable reading of the definitions section of the policy belies this interpretation. Instead, in defining "you," the policy specifically uses the words "Throughout this policy 'you' and 'your' refer to ***" which allows for the reading of the alternatives that follow, as being just that, alternatives. If either alternative is applicable, the exclusion must be applied. The Hackers' argument would result in excluding liability coverage for the named insured alone or for the resident spouse alone. Stretching the policy's use of "and" to that extreme would not be a reasonable interpretation of the policy.

{¶ 18} Given that the policy language of the (B)(2) exclusion is susceptible to only one meaning when read with the policy's definitions, we must reverse the judgment of the court of appeals and find that no coverage is afforded Judith Dickman under Gary's State Auto contract for the accident with Charles Hacker.

*Judgment reversed.*

MOYER, C.J., WRIGHT and FARMER, JJ., concur.

DOUGLAS and PFEIFER, JJ., dissent.

F.E. SWEENEY, J., dissents and would affirm the court of appeals in toto.

SHEILA G. FARMER, J., of the Fifth Appellate District, sitting for RESNICK, J.

_____