**ERIE INSURANCE GROUP, Appellee,**

v.

**HACKER et al., Appellants.**

[Cite as *Erie Ins. Group v. Hacker* (1999), 132 Ohio App.3d 815.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–98–052.

Decided March 31, 1999.

See, also, 75 Ohio St.3d 118, 661 N.E.2d 1005.

*Paul F. Meyerhoefer,* for appellee.

*W. Patrick Murray* and *Steven C. Bechtel,* for appellant.

---

PIETRYKOWSKI, Judge.

This is an appeal from a judgment of the Erie County Court of Common Pleas that denied the motion of defendants-appellants, Charles H. Hacker et al., for attorney fees and prejudgment interest after appellants were successful in their counterclaim against plaintiff-appellee, Erie Insurance Group ("Erie"), to recover underinsured motorist benefits. From that judgment, appellants assign the following as error:

## ASSIGNMENT OF ERROR NO. 1

"The trial court erred in failing to award any attorney fees to appellant[s]."

## ASSIGNMENT OF ERROR NO. 2

"The trial court erred in refusing to award appellant[s] any prejudgment interest in the underinsured motorist claim."

This appeal is the most recent chapter in the protracted litigation that has followed the December 1985 auto accident between Charles Hacker and Gary Dickman. In that accident, Charles Hacker was severely injured as a result of Dickman's negligent operation of Dickman's automobile. As a result of that accident, Charles Hacker and his wife Dianne received $100,000 in insurance proceeds under a policy that covered the tortfeasor's automobile at the time of the collision. Thereafter, an underlying tort action against Dickman and his wife, Judith, resulted in a $750,000 award in favor of Charles Hacker and a $70,000 award in favor of Dianne Hacker. The Hackers then filed a declaratory judgment action against State Auto, Gary Dickman's liability insurer, seeking to satisfy their judgment against Gary with the proceeds under that policy. That action was unsuccessful, and the Hackers filed a supplemental declaratory judgment action against State Auto seeking to satisfy their judgment against Judith. Ultimately, the Supreme Court of Ohio determined that the State Auto policy did not cover Judith Dickman for the accident with Charles Hacker. See *Hacker v. Dickman* (1996), 75 Ohio St.3d 118, 661 N.E.2d 1005.

Prior to the proceedings set forth above, Erie filed the present action against the Hackers to collect $5,000 in subrogated medical payments that it had made to the Hackers. That case, however, remained dormant pending the outcome of the underlying tort and declaratory judgment actions. On September 20, 1996, following the ·Supreme Court's decision in *Hacker v. Dickman, supra*, the Hackers filed an answer and counterclaim seeking to collect underinsured motorist benefits under their automobile insurance policy with Erie. On February 2, 1998, the lower court granted the Hackers' motion for summary judgment on their counterclaim for underinsured motorist benefits and declared that Charles Hacker was entitled to $100,000 in underinsured motorist benefits pursuant to his policy of insurance with Erie. Thereafter, the Hackers filed the motion for prejudgment interest and attorney fees that is the subject of the present appeal. Appellee did not file a response to that motion. Nevertheless, on July 21, 1998, the trial court filed a judgment entry that denied without explanation the motion for prejudgment interest and attorney fees. It is from that judgment that appellants now appeal.

In their first assignment of error, appellants challenge the trial court's failure to award them attorney fees. Appellants filed their request for attorney fees pursuant to R.C. 2721.09, which reads:

"Whenever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given. The application therefor shall be by

petition to a court having jurisdiction to grant the relief. If the application is sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

It is well settled that "[a] trial court has the authority under R.C. 2721.09 to assess attorney fees based on a declaratory judgment issued by the court. The trial court's determination to grant or deny a request for fees will not be disturbed, absent an abuse of discretion." *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 648 N.E.2d 488, at the syllabus. "Abuse of discretion" "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Klever v. Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491, 43 O.O. 429, 96 N.E.2d 781, paragraph two of the syllabus.

In the proceedings below, after obtaining a declaratory judgment against Erie for the payment of underinsured motorist benefits, appellants filed a motion for attorney fees in which they asserted that attorney fees were necessary and proper because they were incurred in appellants' quest to make Erie honor its contractual obligations. Erie did not respond to the motion. The court, however, without explanation, denied appellants' request. Under these circumstances, we find that it is impossible for us to determine whether the trial court abused its discretion in this matter. In *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70–71, 694 N.E.2d 442, 447–448, the Supreme Court of Ohio addressed the issue of the failure of a trial court to articulate its reasons for denying class action certification. Although appellate review of a ruling on a request for class action certification is similarly bound by the abuse-of-discretion standard, the court stated:

"While there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, there are compelling policy reasons for doing so. Aside from the obvious practical importance, articulation of the reasons for the decision tends to provide a firm basis upon which an appellate court can determine that the trial court exercised its discretion within the framework of Civ.R. 23, and discourages reversal on the ground that the appellate judges might have decided differently had they been the original decisionmakers. On the other hand, the failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court and given appropriate weight, and such an unarticulated decision is less likely to convince the reviewing court that the ruling was consistent with the sound exercise of discretion."

We find this rationale to be equally applicable to rulings on a request for attorney fees in declaratory judgment actions. R.C. 2721.09 permits an award of such fees if the court finds that the award is necessary or proper. When a court denies the request without explanation, it prevents meaningful appellate review of that denial.

Accordingly, the first assignment of error is well taken in that further consideration of the matter is required on remand.

In their second assignment of error, appellants assert that the lower court erred in denying their motion for prejudgment interest. Again, in denying the motion, the trial court did so without explanation.

In *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140, the Supreme Court of Ohio held that an insured is entitled to recover prejudgment interest on a successful claim for uninsured/underinsured motorist benefits in a declaratory judgment action. The court, however, further stated:

"Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if [the insurer] had not denied benefits, or some other time based on when [the insurer] should have paid [the insured] is for the trial court to determine. Upon reaching that determination, the court should calculate, pursuant to R.C. 1343.03(A), the amount of prejudgment interest due [the insured] and enter an appropriate order." *Id.* at 342, 695 N.E.2d at 1142.

In the present case, appellants were awarded $100,000 in underinsured motorist benefits on February 2, 1998. The trial court, however, denied appellants' request for prejudgment interest without explanation. Accordingly, pursuant to *Landis*, we conclude that this action must be remanded to the trial court for a determination of when appellants' right to prejudgment interest accrued. The second assignment of error is therefore well taken.

On consideration whereof, the court finds that substantial justice has not been done the parties complaining, and the judgment of the Erie County Court of Common Pleas is reversed. This cause is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.

*Judgment reversed.*

HANDWORK, P.J., and KNEPPER, J., concur.