OPINION
{¶ 1} Plaintiffs-appellants, Reynard Horston (appellant), Deborah Horston, and Antwan Brown, appeal from a decision of the Jefferson County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Zurich American Insurance Company.
 {¶ 2} On April 8, 1999, appellant was injured when the vehicle he was driving collided with an automobile operated by Mary Kay Pfannenschmidt when Ms. Pfannenschmidt allegedly failed to yield at a stop sign at the intersection of Sunset Boulevard and Welday Avenue in Steubenville, Ohio. Appellant, an Ohio resident, was operating his own vehicle which was registered in Ohio. At the time of the accident, appellant was employed by Weirton Steel Corporation (Weirton) in Weirton, West Virginia. Weirton is the named insured on a policy of commercial automobile insurance (the Policy) issued by appellee. The Policy provides automobile liability insurance coverage in the amount of $1,000,000.00. Appellant was not within the course of his employment at the time of the accident.
 {¶ 3} Appellant, Mrs. Horston, and Brown filed this action on April 2, 2001, in the Jefferson County Court of Common Pleas against Ms. Pfannenschmidt, who is not a party to this appeal, appellee and several John Doe insurance companies. On September 17, 2001, appellant filed a motion for partial summary judgment against appellee seeking a declaration that he was entitled to underinsured motorist coverage in the amount of $1,000,000.00 pursuant to the Policy. Appellee filed a cross-motion for summary judgment on November 6, 2001. The trial court granted appellee's summary judgment motion and overruled appellant's summary judgment motion pursuant to a journal entry filed on January 18, 2002 determining that Weirton effectively rejected uninsured/underinsured motorist (UM/UIM) coverage. The trial court made its decision final and appealable in a January 25, 2002 nunc pro tunc journal entry. Appellant filed a timely notice of appeal on February 11, 2002.
 {¶ 4} Appellant raises three assignments of error. We will address the assignments of error in reverse order for clarity. Appellant's third assignment of error states:
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE ZURICH AMERICAN INSURANCE COMPANY AND FINDING THAT WEST VIRGINIA LAW, RATHER THAN OHIO LAW, APPLIES TO DETERMINE THE RIGHTS OF THE PARTIES UNDER THE ZURICH AMERICAN INSURANCE POLICY."
 {¶ 6} Appellant argues the trial court erred by applying the holding of Ohayon v. Safeco Ins. Co. of Illinois (2001), 91 Ohio St.3d 474, to the case sub judice. In Ohayon, Jacob and Brenda Ohayon were residents of Ohio. The Ohayons owned three vehicles in Ohio that were covered by a Safeco insurance policy purchased in Ohio. The Ohayons were involved in an accident caused by an underinsured motorist while visiting Pennsylvania. The Ohayons argued that the court should have interpreted their insurance policy under Pennsylvania law. The court ruled that Ohio law applied because the law of the state most closely related to the contract was to be used to determine the rights under the policy. Appellant contends that the present case is distinguishable from Ohayon
because the Policy clearly incorporates the laws of other states. He notes that both the UM/UIM Schedule of Limits and the Uninsured/Underinsured Motorists Coverage Selection/Rejection/Limits form list all 50 states. Furthermore, the Policy provides separate UM/UIM endorsements for West Virginia, South Carolina, Ohio, Indiana and Pennsylvania. Thus, appellant concludes the Policy did not intend for West Virginia law to apply to all coverages.
 {¶ 7} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. American Indus. andResources Corp. (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc.
(1995), 104 Ohio App.3d 598, 603, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 247-248.
 {¶ 8} "Questions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971)." Ohayon, 91 Ohio St.3d at paragraph two of the syllabus. Section 187 provides that the law of the state chosen by the parties to the contract governs their contractual rights and duties. Id. at 477. When the parties have failed to choose the governing law, Section 188 sets out factors for the court to apply to determine which state's law applies. Id. The Section 188 factors include the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the contracting parties. Id. at 479.
 {¶ 9} The Ohayon court further elaborated on an important factor stating, "the rights created by an insurance contract should be determined `by the local law of the state which the parties understood was to be the principal location of the insured risk during the term ofthe policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties.' `[I]n the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question.'" Id. at 479. (Emphasis sic.) (Internal citations omitted).
 {¶ 10} The trial court determined that West Virginia law applied to the case at bar. It reasoned that the Policy was issued in West Virginia, West Virginia was the place of negotiation and contracting, West Virginia was the principal place of performance, the subject of the contract was located in West Virginia, and the rights and duties of the parties are based on West Virginia having the most significant relationship to the transactions involving the contract and the parties.
 {¶ 11} Several of the Section 188 factors weigh in favor of applying West Virginia law to the case at bar. The Policy was issued to a West Virginia corporation by a Wisconsin producer. The Policy was not issued in Ohio nor was it issued to an Ohio corporation. Weirton's place of business and incorporation is West Virginia.
 {¶ 12} However, an examination of the Policy reveals that the parties intended to include Ohio law. The Policy contains an endorsement that states, "OHIO UNINSURED MOTORISTS COVERAGE — BODILY INJURY." The endorsement continues, "For a covered `auto' licensed or principally garaged in, or `garage operations' conducted in Ohio, this endorsement modifies insurance provided under the following: BUSINESS AUTO COVERAGE FORM * * *." This section demonstrates the Policy covered autos that were principally garaged in Ohio. Thus, appellee and Weirton acknowledged that a portion of the insured risk would be located in Ohio.
 {¶ 13} The Policy also contains a form by which the insured can reject UM/UIM coverage. This form is titled, "REJECTION OF UNINSURED/UNDERINSURED MOTORISTS COVERAGE, SELECTION OF LOWER LIMIT OF LIABILITY REJECTION OF UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE (Ohio)." The form begins by stating, "The Ohio Revised Code (Section3937.18), amended, permits you the insured named in the policy, to reject the Uninsured Motorists/Underinsured Motorists Coverage or to select a limit for such coverage lower than the limit for Bodily Injury Coverage in the policy." The form also states, "In accordance with the Ohio Revised Code (Section 3937.18), amended, and Ohio Code (Section 3937.181), the undersigned insured * * *." By offering Weirton coverage pursuant to R.C. 3937.18 and R.C. 3937.181, appellee relayed its intent that Ohio law would apply.
 {¶ 14} We take guidance from a recent Fifth District case where the court determined that although many of the Section 188 factors weighed in favor of applying Illinois law, the most significant factors favored Ohio law. Moore v. Kemper Ins. Co., 5th Dist. No. 02 CAE 04 018, 2002-Ohio-5930. Although in Moore, the parties to the insurance contract contracted for and negotiated for the policy in Illinois, were both located in Illinois and had their principal places of business in Illinois, and the insurer delivered the policy in Illinois, the court found Ohio law to apply. The court based its decision on the factors theOhayon Court found to be most significant. It reasoned that the vehicles under the policy were located and/or principally garaged in 22 different states, including Ohio. It also relied on the Ohio UM/UIM coverage form contained in the policy. The court reasoned that by offering the insured UM/UIM coverage pursuant to R.C. 3937.18, the insurer conveyed its intent that Ohio law would apply.
 {¶ 15} Since Ohio law applies in the case at bar, appellant is an insured under the Policy. Weirton is the named insured on the declarations page of the Policy. The Policy states that the terms "you" and "your" refer to the named insured. "You" includes not only Weirton, but also its employees since a corporation can act only through live persons. Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 664. Under the section entitled "Who Is An Insured," the Policy states "You for any covered `auto.'" Thus, appellant is an insured for any covered auto. On the schedule of coverages and covered autos, a "1" is listed as the symbol for covered autos with liability coverage. The covered auto section of the Policy states that a "1" indicates "any `auto.'" Accordingly, appellant is covered by the Policy. Thus, appellant's third assignment of error has merit.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE ZURICH AMERICAN INSURANCE COMPANY AND IN FAILING TO FIND THAT THE ZURICH POLICY PROVIDES OHIO UNINSURED AND UNDERINSURED MOTORIST COVERAGE IN THE AMOUNT OF $1 MILLION PURSUANT TO THE TERMS OF THE POLICY."
 {¶ 18} Appellant asserts that although the Policy contains a rejection of UM/UIM coverage (whether valid or not), it also contains a UM/UIM endorsement that provides coverage in the amount of $1,000,000.00. Appellant argues the Policy is ambiguous as to whether it provides UM/UIM coverage and the ambiguity must be resolved against appellee and in favor of coverage.
 {¶ 19} The trial court stated that in the event this court finds that Ohio law controls, appellee is nonetheless entitled to summary judgment. The trial court found that appellee offered UM/UIM coverage prior to the effective date of the Policy, that the premium cost was given to Weirton, and Weirton's rejection of UM/UIM coverage was in writing. Thus, the court concluded, Weirton effectively rejected UM/UIM coverage.
 {¶ 20} An insurance policy is ambiguous if its terms are subject to more than one reasonable interpretation. Hacker v. Dickman (1996),75 Ohio St.3d 118, 119-120. If the insurance contract is ambiguous, we must resolve the ambiguity in favor of the insured. King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, 211.
 {¶ 21} The UM/UIM Schedule in the Policy indicates no UM/UIM coverage exists for Ohio. In addition, the Policy contains a rejection form on which a box is checked next to a statement that reads, "agrees that the Uninsured Motorists/Underinsured Motorists Coverage afforded in the policy is hereby deleted." However, the Policy contains an Ohio UM/UIM Endorsement that indicates coverage is provided in the amount of $1,000,000.00 per accident. The endorsement states at the top, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." The endorsement provides in detail the extent of coverage, who is an insured, exclusions, limits of insurance, changes in conditions, and definitions. This endorsement is not located near the purported rejection.
 {¶ 22} The fact that the Policy contains a detailed explanation of UM/UIM coverage for Ohio at one point in the Policy and a purported rejection of UM/UIM coverage at another point creates an ambiguity as to whether such coverage exists. As stated above, we must resolve any ambiguity in favor of the insured. King, 35 Ohio St.3d at 211. Accordingly, we conclude that UM/UIM coverage does exist in the amount of $1,000,000.00 per accident. Thus, appellant's second assignment of error has merit.
 {¶ 23} Appellant's first assignment of error states:
 {¶ 24} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE ZURICH AMERICAN INSURANCE COMPANY AND FINDING THAT OHIO UNINSURED AND UNDERINSURED MOTORIST COVERAGE WAS PROPERLY OFFERED AND REJECTED WITH THE POLICY AND THAT SUCH COVERAGE DOES NOT ARISE BY OPERATION OF LAW IN THE AMOUNT OF $1 MILLION."
 {¶ 25} Given the merit of appellant's second assignment of error, appellant's first assignment of error is moot.
 {¶ 26} For the reasons stated above, the decision of the trial court is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., and Waite, J., concur.