DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, in which the trial court found that appellants, Donald, Ann, Rachel and Benjamin Kohntopp, were not "insureds" for purposes of uninsured/underinsured motorist ("UM/UIM") coverage and/or medical payments coverage under an automobile insurance policy issued by appellee, State Farm Insurance Company ("State Farm") to Donald Kohntopp's employer. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellants set forth the following two assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court erred as a matter of law when it held the appellants were not insureds for the purpose of uninsured/underinsured motorist coverage provided under the automobile liability policies issued by appellee, State Farm Mutual Automobile Insurance Company, to appellant, Donald Kohntopp's employer, Hild Product Sales Co.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court erred as a matter of law when it held the appellants were not insureds for the purposes of medical payments coverage provided under the automobile liability policies issued by appellee, State Farm Mutual Automobile Insurance Company, to appellant, Donald Kohntopp's employer, Hild Product Sales Co."
 {¶ 7} On April 2, 2000, appellants, the Kohntopps, were vacationing in Florida when their Toyota Sierra minivan was struck by a drunk driver. All of the Kohntopps were injured in the accident, with Donald Kohntopp suffering the most severe physical injuries. The driver of the vehicle that collided with the Kohntopps' minivan died in the collision. His automobile insurer paid the $50,000 policy limit; however, Donald Kohntopp's injuries alone exceeded that amount. On June 4, 2001, the Kohntopps filed separate declaratory judgment actions in the Wood County Court of Common Pleas, to determine UM/UIM coverage under insurance policies issued to Donald Kohntopp's employer, Hild Products Sales Co., by State Farm, and to Ann Kohntopp's employer, Sunoco, Inc., by ACE Property and Casualty Insurance Company ("ACE").[1] The parties filed cross-motions for summary judgment.
 {¶ 8} On May 28, 2002, the trial court found that the Kohntopps were not entitled to UM/UIM coverage under either the State Farm or the ACE policies. Accordingly, the trial court granted the motions for summary judgment filed by State Farm and ACE, and dismissed the declaratory judgment actions against both parties. Two separate appeals were taken from that judgment, pursuant to Civ.R. 54(B) ("case no. WD-02-033" and "case no. WD-02-034"). In this opinion, we will address only those issues raised against State Farm in case no. WD-02-034.
 {¶ 9} The Kohntopps assert in their first assignment of error that the trial court erred by granting State Farm's motion for summary judgment. In reviewing a summary judgment, an appellate court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). At the time of the accident, Donald Kohntopp was employed by Hild Product Sales Co. as a traveling salesman. The company provided Kohntopp with a 1999 Mercury automobile for use in his job. The Mercury was insured by a State Farm policy which listed the "named insured" on the declarations page as "Donald M. Hild dba Hild Product Sales Co."
 {¶ 10} The Kohntopps assert on appeal that the designation "Donald M. Hild, dba Hild Products Sales Co." creates an ambiguity as to whether Donald Hild, the individual, and/or Hild Products Sales Co., the corporate entity owned by Donald Hild, are "insureds" under the policy.[2]
The Kohntopps then rely on Scott-Pontzer v. Liberty Mut. Ins. Co.
(1999), 85 Ohio St.3d 660 in support of their position that, since the policy language is "ambiguous," it should be construed against the drafter, State Farm, to effect UM/UIM coverage for Hild Products Sales Co. and, through extension, its employees.[3]
 {¶ 11} In Scott-Pontzer, supra, Christopher Pontzer, an employee of Superior Dairy, Inc., was killed in an automobile collision caused by the negligence of an underinsured driver. It was undisputed that, at the time the accident occurred, Pontzer was driving his wife's car, and was not acting within the scope of his employment. Nevertheless, Pontzer's surviving spouse sought UIM coverage pursuant to his employer's commercial automobile insurance policy, which defined an "insured" as follows:
 {¶ 12} "B. Who Is An Insured
 {¶ 13} "1. You
 {¶ 14} "2. If you are an individual, any family member.
 {¶ 15} "3. Anyone else occupying a covered auto, or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 16} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer, supra, at 663.
 {¶ 17} The Supreme Court of Ohio held that the term "you" as used in the policy, was ambiguous, because it referred to Superior Dairy, a corporate entity, which could only function through its employees. Id. at 665. Accordingly, the court found, after construing the language of the policy in favor of the insured, that the designation of "insured," for purposes of UM/UIM coverage, should be extended to include all of Superior Dairy's employees, including Christopher Pontzer. Id.
 {¶ 18} Before this court can determine whether Scott-Pontzer is applicable in this case, we must first determine whether the designation "Donald M. Hild dba Hild Product Sales Co." creates an ambiguity, and then determine whether the language of the policy is sufficiently analogous to that used in Scott-Pontzer to justify extending UM/UIM coverage to the Kohntopps.
 {¶ 19} It is well-settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature. Scott-Pontzer, supra, at 663. Generally, words used in an insurance policy must be given their plain and ordinary meaning. Blue Cross Blue Shield Mut. of Ohio v. Hrenko (1995),72 Ohio St.3d 120, 122. If a contract for insurance is clear and unambiguous, its interpretation is a matter of law, and there is no issue of fact to be determined. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108; Leber v. Smith (1994),70 Ohio St.3d 548, 553. An insurance policy is ambiguous only if its terms are subject to more than one reasonable interpretation. Hacker v.Dickman (1996), 75 Ohio St.3d 118, 119-120.
 {¶ 20} When an insurance contract is found to be ambiguous, the ambiguity must be resolved liberally against the insurer and in favor of the insured. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. However, the general rule of liberal construction of an insurance policy should not be utilized to create an ambiguity in a policy when none, in fact, exists. Hacker, supra, at 119.
 {¶ 21} In contrast to the policy language in Scott-Pontzer, supra, the relevant portion of the State Farm policy Section III — Uninsured Motor Vehicle — Coverage U," is as follows:
 {¶ 22} "Who Is an Insured
 {¶ 23} "Insured — means the person or persons covered by uninsured motor vehicle coverage. "This is:
 {¶ 24} "1. the first person named in the declaration;
 {¶ 25} "2. his or her spouse;
 {¶ 26} "3. their relatives; and
 {¶ 27} "4. any other person while occupying:
 {¶ 28} "a. your car, a temporary substitute car, a newly acquiredcar or a trailer attached to such car. Such vehicle has to be used within the scope of the consent of you or your spouse; or
 {¶ 29} "b. a car not owned by you, your spouse or any relative, or a trailer attached to such a car. It has to be driven by the first person named in the declarations or that person's spouse and within the scope of the owner's consent.
 {¶ 30} "Such other person occupying a vehicle used to carry persons for a charge is not an insured.
 {¶ 31} "5. any person entitled to recover damages because ofbodily injury to an insured under 1 through 4 above." (Emphasis original.)
 {¶ 32} The term "person" is defined in the State Farm policy as "a human being." The term "your car" is defined as "the car or the vehicle described on the declarations page."
 {¶ 33} We note initially that the designation "dba" provides a description of a person or business entity who is merely "doing business" under some other name. Poss v. Morris (Mar. 29, 1996), Ashtabula App. No. 84-A-0042, citing Duval v. Midwest Auto City, Inc. (1977),425 F. Supp. 1381, 1387. The distinction between the two entities is maintained, even if one of them is a corporation. Id.; See, also,LeRoux's Billyle Supper Club v. Ma (1991), 77 Ohio App.3d 417, 420-421
(An Ohio corporation is a legal entity that is separate and distinct from its owner.).
 {¶ 34} In this case, the first person listed on the declarations page of the State Farm policy is Donald M. Hild. The name listed after the "dba" was Hild Products Sales Co. The policy language unambiguously provides that the "insured" is the first "person," i.e., human being, listed on the declarations page. Accordingly, for purposes of UM/UIM coverage, Donald M. Hild is an "insured," and Hild Product Sales Co. is excluded as an "insured." To conclude otherwise would be to create an ambiguity in the policy language where none exists.
 {¶ 35} In addition, as set forth above, the language of the State Farm policy also differs significantly from that of Scott-Pontzer, in that it does not refer to the insured simply as "you." Finally, we note that only vehicles described on the declarations page of the State Farm policy qualify as "your car" for purposes of UM/UIM coverage. It is undisputed that the Kohntopps' minivan is not described on the declarations page of the State Farm policy.
 {¶ 36} This court has reviewed the entire record of proceedings in the trial court and, upon consideration thereof and the law, finds that the State Farm policy unambiguously excludes Hild Product Sales Co. as an "insured" for purposes of UM/UIM coverage, and the policy language is not sufficiently analogous to that used in Scott-Pontzer to justify extending UM/UIM coverage to the Kohntopps. The Kohntopps' first assignment of error is not well taken.
 {¶ 37} The Kohntopps assert in their second assignment of error that they are entitled to medical payments coverage under the State Farm policy. In support thereof, the Kohntopps argue that "[t]he definition of who is an insured under the medical payments portion of the policy contains the same ambiguous language as the UM/UIM definition of insured."
 {¶ 38} Section II, "Coverage C" of the State Farm policy provides, in relevant part:
 {¶ 39} "We will pay medical expenses for bodily injury sustained by:
 {¶ 40} "1. a. the first person named in the declaration;
 {¶ 41} his or her spouse; and
 {¶ 42} their relatives.
 {¶ 43} * * *" (Emphasis original.)
 {¶ 44} The above definition of who is entitled to medical payments coverage under the State Farm policy is virtually identical to the definition of an "insured" for purposes of UM/UIM coverage. Accordingly, for the reasons stated in support of our determination as to the Kohntopps first assignment of error, the Kohntopps second assignment of error is not well-taken.
 {¶ 45} On consideration whereof, we further find that no genuine issue of material fact remains, and State Farm is entitled to summary judgment as a matter of law. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellants, the Kohntopps.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J. and Judith Ann Lanzinger, J., CONCUR.
Arlene Singer, J., dissents.
[1] In addition, the Kohntopps sought UM/UIM coverage under their own automobile, homeowner's and umbrella insurance policies; however, issues raised in connection with those claims are not a part of this appeal.
[2] There were six additional State Farm insurance policies, covering various vehicles. Four of those policies listed the "named insured" in the same manner as the 1999 Mercury policy. One policy listed the "named insured" as Donald Hild, and the other listed the "named insured" as "Donald M. and Melissa Hild." In all other respects, the language of all seven policies is virtually identical. Accordingly, throughout this opinion, when analyzing the policy language, we will refer only to the "State Farm policy."
[3] The Kohntopps also argue that Scott-Pontzer should be applied in this case because, if it is not, there would be no coverage at all for corporate employees who are injured while using their own automobiles in the scope of their employment. Such a scenario is not raised by the facts of this case, and is therefore not relevant to our determination of the issues presented in this appeal.