Cupp, J.,
concurring.
{¶ 45} I concur in the majority opinion in its resolution of the first certified question. However, for clarity, I would rephrase the first syllabus paragraph to read: “A liability insurance policy that defines an ‘occurrence’ as an ‘accident’ that results in injury includes within that definition an injury resulting from an intentional act of one insured when another insured seeking coverage is alleged to have been only negligent in relation to that intentional act.” I believe that this language more closely reflects the issue before this court as presented in the first certified-conflict question and in appellant’s second proposition of law.
{¶ 46} I also concur in the majority opinion’s conclusion that coverage exists under the homeowner’s policy at issue herein and agree with its rationale for that conclusion.
{¶ 47} I take a different approach, however, in analyzing the umbrella policy, but reach the same conclusion. In contrast to the analysis undertaken with respect to the homeowner’s policy, I do not believe that the issue of coverage under the umbrella policy can be determined simply by pointing out that the conduct of one insured was negligent while the conduct of another insured was intentional. I would answer the second certified-conflict question and address appellant’s first proposition of law, and I would conclude that the term “any insured” when used to define the exclusions in the umbrella policy in conjunction with the policy’s requirement that the insurance be applied separately to each insured is ambiguous. As I view it, the term “any insured” as used in the umbrella-policy exclusion raises an ambiguity that the term “an insured” does not raise in the homeowner’s policy.
{¶ 48} A clearly worded exclusion in an insurance policy may, without violating public policy, exclude all coverage under the policy for an injury to a third party that is intentionally caused by one insured even if the conduct by another insured with regard to the injury is merely negligent. However, I find that the *575 exclusionary language used in the umbrella policy is ambiguous in this regard. Thus, I arrive at the same ultimate destination as the majority opinion but by a different route.
{¶ 49} It is well established that an ambiguous provision in an insurance policy will be construed strictly against the insurer and liberally in favor of the insured. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. It is equally well established that an ambiguity cannot be created in an insurance policy where there is none. Hacker v. Dickman (1996), 75 Ohio St.3d 118, 119, 661 N.E.2d 1005. An ambiguous provision is one that has more than one reasonable interpretation. Id. at 119-120, 661 N.E.2d 1005; Buckeye Union Ins. Co. v. Price (1974), 39 Ohio St.2d 95, 98-99, 68 O.O.2d 56, 313 N.E.2d 844.
{¶ 50} The ambiguity in this matter derives from the use of the term “any insured,” which is employed in the umbrella policy in defining the coverage exclusions relevant to this appeal. The umbrella policy excludes coverage for “[a]ny injury caused by a violation of penal law or ordinance committed by or with the knowledge or consent of any insured” and “[a]ny act or damage which is expected or intended by any insured, or which is the foreseeable result of an act or omission intended by any insured.” (Emphasis added.) The severability clause included in the umbrella policy provides: “This insurance applies separately to each insured.”
{¶ 51} The ambiguity in the foregoing exclusions derives from the fact that there is more than one reasonable interpretation of the term “any insured.” For example, some courts have found that the term “any” can, and often does, have the same meaning as the word “an.” See, e.g., Brumley v. Lee (1998), 265 Kan. 810, 813-815, 963 P.2d 1224. Other courts have acknowledged that although “an” may mean “any,” a difference between the terms nevertheless exists because “an” is seldom used to denote plurality, but “any” can denote plurality. See, e.g., McFarland v. Utica Fire Ins. Co. (S.D.Miss.1992), 814 F.Supp. 518, 525, 526. Definitions in prior editions of Black’s Law Dictionary support both positions: “an” is defined as “equivalent to ‘one’ or ‘any’; seldom used to denote plurality”; whereas “any” is defined as indicating “ ‘all’ or ‘every’ as well as ‘some’ or ‘one.’ ” Black’s Law Dictionary (5th Ed.1979) 77, 86. Against this backdrop, it is not unreasonable to conclude that “any insured” could be interpreted to apply either singularly to “ ‘any one of the insureds’ [only] or * * * collectively to the whole group of insureds.” See Transport Indemn. Co. v. Wyatt (Ala.1982), 417 So.2d 568, 571.
{¶ 52} Because of these different possible constructions of the term “any insured,” the umbrella-policy exclusions are reasonably susceptible of more than one interpretation. On one hand, if “any” is interchangeable with “an” and means “all,” application of the severability clause results in the policy provisions *576 applying equally to all insureds. Accordingly, if one insured engages in an act for which coverage is excluded by the policy, coverage is precluded for all insureds. For purposes of this case, the implication is that all the insureds would be excluded from coverage under the umbrella policy.
{¶ 53} On the other hand, if “any” is interchangeable with “an” but instead means “one,” application of the severability clause results in the policy exclusions applying only to the insured who committed the act for which coverage is excluded. This same meaning also occurs if the meaning of the word “any” is distinct from, and more inclusive than, the word “an.” Again, for purposes of this case, the ramification is that the umbrella-policy exclusions apply only to the insured who engaged in the intentional act and not to any negligent insureds. The negligent insureds remain covered.
{¶ 54} This uncertainty in the interpretation of “any insured” in the policy exclusions could have been avoided through careful drafting. The following sentence is an example of a clearly written insurance-policy exclusion: “ ‘If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.’ ” (Emphasis added.) Hall v. State Farm Fire & Cas. Co. (C.A.5, 1991), 937 F.2d 210, 213 (court held that pursuant to the exclusion, a wife could not recover damages for losses she sustained when her husband [another insured] intentionally burned down their house), cited in Wagner v. Midwestern Indemn. Co. (1998), 83 Ohio St.3d 287, 699 N.E.2d 507.
{¶ 55} Thus, based on the foregoing, I would hold that the term “any insured” used in defining the exclusions in the umbrella policy is ambiguous when read in conjunction with the policy’s severability clause. Accordingly, the case law regarding the interpretation of ambiguous policy provisions applies, and the policy must be construed in favor of the insured. King, 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus.
{¶ 56} On this rationale, I would hold that coverage should be afforded to the insureds under the umbrella policy.