673 P.2d 1301

Frank **CROWNOVER**,
**Plaintiff-Appellant,**

v.

**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY,**
a corporation, **Defendant-Appellee.**

**No. 14981.**

Supreme Court of New Mexico.

Dec. 1, 1983.

**570**

Fred Boone, Portales, Winston Roberts-Hohl, Santa Fe, for plaintiff-appellant.

Dan Buzzard, Clovis, Sarah Michael Singleton, Nancy Augustus, Santa Fe, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

Plaintiff Frank Crownover (Crownover) brought an action for payment under an insurance policy for extensive damage to an irrigation system allegedly caused by wind, a peril covered under the policy. During the course of litigation, National Farmers Union (Farmers) took the position that the asserted damages were not covered by the policy. The trial judge found that there was insufficient evidence of wind damage and that the damage had been caused by towing of the system. Plaintiff appeals from the court's conclusion that the action should be dismissed with prejudice.

Plaintiff's first major contention is that the substantial evidence standard of review traditionally applied by this Court, *Getz v. Equitable Life Assurance Society of U.S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977), should not be applied due to a) judicial bias in considering the evidence; b) the trial court's improper rejection of uncontroverted testimony; c) application of the physical facts rule; and d) the inconsistent defense theories allegedly taken by Farmers. Crownover also maintains that the trial judge abused his discretion in ruling that damages resulting from towing could not serve as a basis for recovery under the policy. We find all of plaintiff's contentions without merit and affirm the trial court's dismissal of the action with prejudice.

### I(a).

Plaintiff's initial contention that the judge, through his questions at trial, exhibited bias against plaintiff's theory of the case is patently without foundation. The judge essentially expressed some doubt as to whether the irrigation system could have been wind-damaged and queried whether there was sufficient wind resistance in the particular system to cause it to be blown over. Plaintiff claims this line of questioning evidenced preconceived notions against plaintiff's theory of the case or reliance on extra-judicial information on the part of the judge.

It is fundamental that a trial judge may question a witness. NMSA 1978 Evid.R. 614(b) (Repl.Pamp.1983). The limitation of course is that such questioning must not intimate any bias for or against either party. *State v. Crump,* 97 N.M. 177, 637 P.2d 1232 (1981). It is plainly apparent that the questioning in the instant case was an attempt by the judge to further his comprehension of the claims involved and the evidence in support of these claims. The trial court in its questioning was acting well within its powers in seeking relevant evidence which it would subsequently weigh. Neither the content of the questions nor the eventual decision by the court demonstrate

reliance on an extra-judicial source of evidence.

### I(b).

Plaintiff's assertion that the district court impermissibly rejected his uncontroverted testimony as to the cause of damage is similarly without merit. Specifically, plaintiff urges that the court erred in arbitrarily rejecting his testimony that the wind blew over part of his irrigation system and that no damage was done by subsequently towing the system.

■ The sole case cited by Crownover in support of this argument is *Medler v. Henry,* 44 N.M. 275, 101 P.2d 398 (1940). In that case the question was whether the uncontradicted testimony of five witnesses regarding the donative intent of a testatrix was properly disregarded by the trier of fact. The *Medler* court concluded that rejection of such testimony would be allowable under certain circumstances. However, the applicability of these circumstances need not be considered here since plaintiff has not established, as was done in *Medler,* that the testimony was uncontroverted by other oral testimony.

In the case before us, plaintiff's testimony at the trial level was not uncontroverted. His testimony was directly contradicted by two witnesses who indicated that the damage was caused by improper towing. There was thus an abundant basis for rejecting plaintiff's testimony. The court properly exercised its duty to weigh conflicting evidence and to reject that which it found unpersuasive. *Tapia v. Panhandle Steel Erectors Co.,* 78 N.M. 86, 89, 428 P.2d 625, 628 (1967).

### I(c).

■ Plaintiff next contends that under the physical facts rule, the judge should have disregarded all evidence contrary to the claim that the irrigation system suffered wind damage. The rule in question allows the trier of fact to disregard testimony which is inherently improbable in light of established physical facts and conditions.

*Ortega v. Koury,* 55 N.M. 142, 227 P.2d 941 (1951). A decision resting on evidence which is inherently improbable is not based on substantial evidence. *See State v. Armijo,* 35 N.M. 533, 2 P.2d 1075 *reh'g granted* 35 N.M. 540, 2 P.2d 1079 (1931). The physical facts rule however is applied only where physical conditions are indisputably established and conflicting oral testimony is inherently improbable. *Bolen v. Rio Rancho Estates,* 81 N.M. 307, 466 P.2d 873 (Ct.App. 1970).

■ In the case at bench, the physical facts were never established. The inquiry centered around whether a break on some pipe was a "twisting" break indicating wind damage or a "straight line" break indicating damage from towing. There was conflicting evidence presented as to whether the break was of a straight line or twisting nature. Moreover, there is nothing in the record conclusively establishing that a twisting break would result *only* from the system being blown over.

The conflicting oral testimony presented by Farmers was not inherently improbable since the physical conditions and facts evidencing wind damage were never conclusively established. A defense witness testified, based on his extensive experience with irrigation systems and observation of the particular system in question, that the damage was caused by towing. This evidence was properly considered by the trial court and substantially supports the court's conclusions that the damage was not done by wind.

### I(d).

Crownover also asserts prejudice in the presentation of his case since Farmers asserted two inconsistent reasons for refusing to pay the claim. Upon presentation of the initial claim Farmers questioned whether the damage occurred prior to the addition of the irrigation system to the policy. Upon subsequent investigation, Farmers took the position that the damage was caused by improper towing and maintained this stance throughout the litigation.

■ Plaintiff has failed to preserve this issue for appeal by not requesting a finding of fact and conclusion of law to this effect. This issue of prejudice has thus been waived. NMSA 1978 Civ.P.R. 52(B)(1)(f) (Repl.Pamp.1980); *Pedigo v. Valley Mobile Homes,* 97 N.M. 795, 643 P.2d 1247 (Ct.App. 1982). Having failed to request a finding that Farmers impermissibly changed its theory of the case, plaintiff cannot now raise this issue for the first time on appeal.

■ Even if this issue were properly raised, the claim would be without merit since Farmers gave plaintiff adequate notice of its change in position. Farmer's responsive pleadings in the instant action indicate plaintiff was apprised at least three months prior to trial of Farmer's subsequent claim that the damage was not of a type covered by the policy. Throughout the course of litigation in this case, Farmers relied exclusively on the theory that the damage incurred did not result from a peril covered under the insurance policy but from improper towing. Plaintiff was thus not prejudiced in his ability to prosecute the action.

■ For the reasons stated, the substantial evidence standard of review should be applied to this case. The evidence presented by Farmers regarding towing as the cause of damage stood in direct juxtaposition to that of plaintiff which indicated wind damage. We conclude that there is substantial evidence in the record to support the trial court's findings that the damage was caused by towing rather than by wind. *Getz v. Equitable Life Assurance Society of U.S.,* 90 N.M. 195, 561 P.2d 468.

## II.

■ Plaintiff's other major contention is that even if the damages to the irrigation system were occasioned by towing, such damages are nonetheless compensable since removal due to a covered peril is covered under the policy. Thus he maintains that the trial court erred in dismissing the action. The removal clause of the policy upon which plaintiff rests his argument provides:

This policy insures against direct loss to the property covered under Section I ... by perils 1 through 11 as defined and limited herein:

\* \* \* \*

2. Removal, meaning loss by removal of the property covered hereunder from premises endangered by the perils insured against, including coverage pro rata for 30 days at each proper place to which such property shall necessarily be removed for preservation from or for repair of damage caused by the perils insured against.

Absent express language to the contrary, a court should apply the every day meaning in interpreting the terms of a contract. *Clear v. Patterson,* 80 N.M. 654, 459 P.2d 358 (Ct.App.1969). Reviewing this clause, it is apparent that it applies only when insured property is removed either to prevent harm from a covered peril or to repair damages caused by any of the perils insured against. Neither of these categories of recovery is available to plaintiff on the facts of this case.

■ Crownover cannot maintain that he removed the irrigation system to prevent harm from the wind. Testimony established that the system was removed after a wind storm had passed through the general area in which his land was located. Neither can he plausibly assert the removal was to effect repairs caused by wind damage. The trial judge found, based on substantial evidence, that the system damage was caused by towing.

Crownover argues that this latter finding, in the absence of any finding as to why the system was removed, supports the inference that the towing was at least linked to the wind and thus compensable under the removal clause. This is an untenable position. The policy specifically covers removal for repairs of damages directly caused by

wind, not a vague, attenuated linkage between the wind and eventual removal. In addition, there are no findings regarding the causes for removal simply because no evidence was presented on this issue and because plaintiff made no request for such findings.

In this regard plaintiff also argues that the trial court refused to consider even the possibility of recovery for damage during removal. The record reflects that plaintiff's trial counsel at one point did request that the trial judge consider system damage caused solely by plaintiff's removal due to high winds as a basis for recovery. The record further reflects that the judge concluded, after carefully reviewing the policy, that the particular towing damage incurred was not in any category covered by the policy. The court properly construed the removal clause in question and concluded that the towing damage was not covered.

For the foregoing reasons the trial court's dismissal with prejudice of plaintiff's action is affirmed.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI, J., concur.