■ IRWIN WAXMAN et al., Respondents-Appellants, v PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant-Respondent, HAROLD SMITH et al., Respondents, et al., Defendants. [616 NYS2d 771] —In an action for a judgment declaring that the defendant Providence Washington Insurance Company is obligated to defend and indemnify the plaintiffs insureds in an action entitled *Smith v Innes* (Index No. 17062/89), presently pending in the Supreme Court, Nassau County, the defendant Providence Washington Insurance Company appeals from (1) so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated October 30, 1992, as granted that branch of the plaintiffs' motion which was for summary judgment and made the declaration, (2) so much of an order of the same court, dated November 13, 1992, as, in effect, upon granting reargument, adhered to its original determination, and the plaintiffs cross-appeal from so much of the order dated October 30, 1992, as denied that branch of their motion which was for an award of attorneys' fees.

Ordered that the appeal from so much of the order dated October 30, 1992, as granted that branch of the plaintiffs' motion which was for summary judgment is dismissed, as that part of that order was superseded by the order dated November 13, 1992, made upon reargument; and it is further,

Ordered that the order dated October 30, 1992, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order dated November 13, 1992, is reversed insofar as appealed from, on the law, so much of the order dated October 30, 1992 as granted that branch of the plaintiffs' motion which was for summary judgment is vacated, that branch of the plaintiffs' motion which was for summary judgment is denied, and, upon searching the record, summary judgment is granted to the defendant Providence Washington Insurance Company, declaring that it is not obligated to defend and indemnify the plaintiffs in the action entitled *Smith v Innes* (Index No. 17062/89), presently pending in the Supreme Court, Nassau County; and it is further,

Ordered that the defendant Providence Washington Insurance Company is awarded one bill of costs payable by the plaintiffs.

In the instant action, the plaintiffs-insured, Waxman and Professional Mortuary Supplies Inc. (hereinafter Professional), sought a judgment declaring that the defendant Providence Washington Insurance Company (hereinafter Providence), its general liability insurer, is obligated to defend and indemnify them in an action entitled *Smith v Innes* (Index No. 17062/89), presently pending in the Supreme Court, Nassau County. In the underlying negligence action, Smith alleged that Innes, an employee of Professional and Waxman, drove his vehicle in a negligent manner while acting within the scope of his employment with Professional and Waxman, causing Smith to suffer injuries.

The pleadings in the underlying negligence action were received by Providence on February 24, 1989, and a formal letter disclaiming coverage was sent by Providence to Professional and Waxman on October 3, 1990.

The Supreme Court granted summary judgment to the plaintiffs, holding that the October 3, 1990, letter from Providence to Professional and Waxman disclaiming coverage was untimely as a matter of law. The Supreme Court further held that an earlier letter from Providence to Professional and Waxman, dated March 1, 1989, i.e., only five days after Providence's receipt of the pleadings in the underlying action, did "not constitute a notice of disclaimer sufficient to satisfy the requirements of Insurance Law, section 3420 (d)".

We disagree with the Supreme Court's conclusion regarding the letter dated March 1, 1989, from Providence to Professional and Waxman.

The complaint in the underlying action alleges that Innes, an employee of Professional, drove his car in a negligent manner, while acting within the scope of his employment with Professional and Waxman, causing injury to Smith. These allegations come squarely within an exclusion in Professional and Waxman's general liability policy with Providence *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). That exclusion states as follows:

"COVERAGE E—COMPREHENSIVE GENERAL LIABILITY—

"BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY COVERAGES

"1. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

"bodily injury or

"property damage

"to which this insurance applies, caused by an occurrence * * *

"Exclusions

"This insurance does not apply * * *

"(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of * * *

"(2) any other automobile or aircraft operated by any person in the course of his employment by any insured".

In its March 1, 1989, letter to Professional and Waxman, Providence wrote as follows:

"At this time, we must point out to you that certain allegations made by the plaintiff in the complaint filed against you are not covered under your policy. Your policy is subject to the terms and conditions of form #BRPP 9517 (10/81). This form states in pertinent part 'EXCLUSIONS—This insurance does not apply: (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (2) any other automobile or aircraft operated by any person in the course of his employment by any insured.'

"If it is determined through the litigation process or by the judgment of the Court or a jury that Iaian Innes was acting within the course of his employment with your company, this company will not indemnify Professional Mortuary Supplies for this loss".

The March 1, 1989, letter from Providence to Professional and Waxman clearly constituted a timely disclaimer of cover-

age by Providence, based on an exclusion in the policy, with respect to the theory of liability asserted in the underlying negligence complaint. Accordingly, Providence is not obligated to defend and indemnify Professional and Waxman in the underlying negligence action.

We have reviewed the plaintiffs' argument raised on the cross appeal and find it without merit *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21). Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.