*633
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed with costs.
 

 Plaintiff suffered personal injuries when his vehicle collided with a vehicle owned and operated by Susan Schwarz. In addition to pursuing compensation under the Liberty Mutual Insurance policy Susan Schwarz had purchased to cover her vehicle, plaintiff sought compensation under a policy Susan’s husband, Robert Schwarz, acquired from defendant New York Central Mutual Fire Insurance Company which designated a vehicle he owned as the “covered auto.” Central Mutual timely disclaimed coverage on the ground that the accident fell within an exclusion in the policy. Plaintiff commenced this declaratory judgment action seeking a determination that Central Mutual was obligated under the policy issued to Robert Schwarz to extend liability coverage to Susan Schwarz on this personal injury claim. Supreme Court granted this relief but the Appellate Division reversed and declared that Central Mutual had properly disclaimed coverage. We agree.
 

 Central Mutual’s disclaimer is based on a policy provision excluding liability coverage for the ownership, maintenance or use of any vehicle, other than the designated covered auto, which is owned by “you” or “furnished or available for your regular use.” Elsewhere in the policy, the terms “you” and “your” are defined to include the named insured — in this case, Robert Schwarz — and the spouse of the named insured if the spouse is a resident of the same household. This case falls squarely within the policy exclusion because Susan Schwarz resided with her husband, thereby meeting the policy’s definition of “you,” and she was operating a vehicle she owned which was not designated in the policy as a covered auto
 
 (see Jerge v Buettner,
 
 90 NY2d 950 [1997],
 
 revg on dissent
 
 225 AD2d 294 [4th Dept 1996]).
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs, in a memorandum.