■ ISIDORE BRAUN et al., Appellants, v ONE BEACON INSURANCE COMPANY, Respondent. [854 NYS2d 146]—

On May 28, 2004, the plaintiff Annette Braun allegedly struck and injured a pedestrian, Joseph Perl, while driving her 1987 Ford motor vehicle, which was covered by an insurance policy issued by American Home Insurance Company. The defendant, One Beacon Insurance Company, issued an insurance policy covering a 2000 Plymouth automobile to the plaintiff Isidore Braun, husband of Annette Braun. On July 7, 2004, the attorney for Perl notified the defendant that he was representing Perl in connection with his claim for the personal injuries he sustained in the accident, and requested coverage information. The defendant responded to Perl's attorney by letter dated July 12, 2004, in which it disclaimed coverage because its named insured, Isidore Braun, was not involved in the accident. That letter further stated that the applicable coverage was from a policy issued by American Home Insurance Company.

Thereafter, Perl rejected American Home Insurance Compa-

ny's tender of the limits of its policy, and in August 2004, the defendant was notified that Perl was seeking excess coverage from it. By letter dated September 16, 2004, the defendant again disclaimed coverage, on the ground that the vehicle involved in the accident was not a "covered auto" as defined in the defendant's policy.

Subsequently, the plaintiffs commenced this action for a judgment declaring that the defendant was obligated to defend and indemnify them against Perl's claims pursuant to the insurance policy issued by the defendant to the plaintiff Isidore Braun. The Supreme Court granted the defendant's motion for summary judgment declaring that the policy of insurance does not cover the accident at issue in the underlying action and that the defendant is not obligated to defend or indemnify the plaintiff Annette Braun in the underlying action. We affirm.

The defendant's letter dated July 12, 2004, was a timely and effective disclaimer of coverage (*see August v New York Cent. Mut. Fire Ins. Co.*, 98 NY2d 632 [2002]; *Waxman v Providence Washington Ins. Co.*, 207 AD2d 882 [1994]). The second disclaimer letter dated September 16, 2004, while issued in response to Perl's claim for excess coverage, was based on the same policy exclusion and did not invalidate the first disclaimer letter dated July 12, 2004.

The plaintiffs' remaining contentions are without merit.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the policy of insurance issued by the defendant to the plaintiff Isidore Braun does not cover the accident at issue in the underlying action and that the defendant is not obligated to defend or indemnify the plaintiff Annette Braun in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.