2008-NMCA-098

189 P.3d 695

**John and Joanne SHELDON, Plaintiffs–Appellants,**

v.

**The HARTFORD INSURANCE COMPANY, Defendant–Appellee,**

**and**

**Desert Mountain Agency, Inc., Defendant.**

**No. 27,477.**

Court of Appeals of New Mexico.

June 16, 2008.

Branch Law Firm, Turner W. Branch, Bruce Larsen, Albuquerque, NM, for Appellants.

Riley & Shane, P.A., Mark J. Riley, Courtenay L. Keller, Albuquerque, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} John and Joanne Sheldon (collectively Appellants) appeal the trial court's order granting summary judgment on their claims against The Hartford Insurance Company (Hartford) arising from an insurance coverage dispute. Appellants contend that Hartford was obligated to provide insurance coverage under the personal automobile policy of James Reynolds, Jr. (Reynolds), the driver of a 1997 Ford Expedition that collided with Appellants' vehicle and injured them. The trial court concluded that the "owned vehicle" and "regular use" exclusions in Reynolds' personal automobile policy, which does not name the Expedition on its declarations

page, operated to deny Appellants coverage for their injuries. We affirm.

## BACKGROUND

{2} In 1997, Sarah Stephens (Stephens) bought a 1997 Ford Expedition. Stephens and Reynolds lived together and were unmarried at the time. The Expedition was registered to Stephens, d/b/a Mountain Videos, Inc. (MVI). Reynolds contacted an insurance agent about insuring both the Expedition and Reynolds' 1993 GMC pickup through Hartford. Hartford requested that Reynolds and Stephens execute a domestic partner affidavit before Hartford would insure the Expedition, but the couple declined to provide one. Reynolds insured the GMC pickup with Hartford, and Stephens elected to insure the Expedition with Unitrin Insurance Company and Kemper Insurance Company through her business, MVI, rather than with Hartford. The only vehicle listed on the declarations page of the Hartford policy issued to Reynolds is the GMC pickup, and the policy was issued to Reynolds, the named insured, alone. Accordingly, Hartford did not collect a premium for the Expedition.

{3} On November 14, 2002, Reynolds was driving the Expedition and hit the vehicle that Appellants were driving. Prior to the collision, but subsequent to the purchase of the Expedition, Reynolds and Stephens were married. They were still married and sharing a household at the time of the collision. Since approximately 1984, Stephens has owned and operated MVI, and she is the sole stockholder of the business. At the time of the accident, Reynolds was an employee of MVI. Reynolds regularly drove the Expedition in furtherance of MVI's business and for his own personal errands. The vehicle was generally available to Reynolds to perform tasks and run errands for MVI. When the collision occurred, Reynolds was driving the Expedition and conducting both personal business and MVI business.

{4} Appellants sued Reynolds, Stephens, and MVI for injuries received as a result of the collision. Reynolds, Stephens, and MVI were defended in the action through counsel engaged by Unitrin and Kemper. That lawsuit was resolved by settlement of all claims arising from the collision. Hartford first received notice of the collision when Kemper's attorney, apparently also representing Reynolds, made a claim against Reynolds' personal automobile policy. On July 29, 2003, Hartford's adjustor sent Reynolds a letter declining coverage and requesting Reynolds to provide Hartford with any additional information that might bear on the propriety of the declination of coverage. Reynolds' and Kemper's attorney was provided with a copy of the declination letter, but Reynolds did not protest or respond. Upon contact from Appellants' counsel, Hartford agreed to review and reconsider its declination. However, Reynolds and Appellants failed or refused to cooperate with Hartford in its investigation of Appellants' claims.

{5} Appellants, as assignees of Reynolds' rights, filed a complaint against Hartford seeking relief for negligence, breach of contract, specific performance, bad faith, and violations of the New Mexico Unfair Claims Practices Act and the New Mexico Unfair Trade Practices Act. The trial court bifurcated the case so that coverage claims could be litigated first. Following a two-day bench trial, the trial court entered an order denying Appellants' coverage claims against Hartford. Appellants filed motions to amend the findings and conclusions of law and to vacate the court's order. These motions were denied.

{6} After Appellants' appeal of the court's order denying these motions was dismissed by this Court for lack of a final order and the case was remanded, Hartford filed for summary judgment on Appellants' remaining claims. The court granted summary judgment. Appellants appeal the court's orders entering judgment on the coverage claims in favor of Hartford, denying Appellants' motion to amend the findings and conclusions, denying Appellants' motion to vacate, and granting summary judgment on all claims.

## DISCUSSION

### Standard of Review

{7} Appellants challenge the trial court's conclusion that the exclusions in Reynolds' insurance policy with Hartford operated to deny Appellants' coverage in their collision with Reynolds.

When a party is challenging a legal conclusion, the standard for review is whether the law correctly was applied to the facts, viewing them in a manner most favorable to the prevailing party, indulging all reasonable inferences in support of the court's decision, and disregarding all inferences or evidence to the contrary.

*Golden Cone Concepts, Inc. v. Villa Linda Mall, Ltd.,* 113 N.M. 9, 12, 820 P.2d 1323, 1326 (1991). "When the trial court's findings of fact are supported by substantial evidence, . . . refusal to make contrary findings is not error." *Griffin v. Guadalupe Med. Ctr., Inc.,* 1997–NMCA–012, ¶ 22, 123 N.M. 60, 933 P.2d 859. Additionally, "we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces,* 1997–NMCA–044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

{8} Our review of the trial court's grant of summary judgment is de novo. *Self v. United Parcel Serv., Inc.,* 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. Summary judgment is appropriate only "where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* On appeal, Appellants do not contest that a determination for Hartford on the coverage claims is dispositive of all of Appellants' claims against Hartford. Accordingly, in this case, summary judgment is appropriate on all claims where the coverage claims were correctly decided.

**Both Policy Exclusions Operate to Bar Coverage**

{9} We begin our analysis by reviewing Hartford's basis for denying coverage under Reynolds' policy. In its July 29, 2003, letter to Reynolds, Hartford denied coverage based on Exclusion B.2 of the policy, which includes two sub-parts and reads:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

. . . .

2. Any vehicle, other than **your covered auto,** which is:

a. Owned by you; or

b. Furnished or available for your regular use.

The trial court found that any claim made against the Hartford policy was expressly excluded by Exclusion B.2.a (the "owned vehicle" exclusion) and Exclusion B.2.b (the "regular use" exclusion). Having examined the definition section of the policy, the weight of authority from other jurisdictions, and the underlying purpose of the exclusions in question, we hold that the trial court properly concluded that the Hartford policy excluded coverage for Reynolds' use of the Expedition under both exclusions.

**The Owned Vehicle Exclusion**

{10} Exclusion B.2.a excludes liability coverage for the use of "[a]ny vehicle, other than your covered auto, which is . . . [o]wned by you." "Covered auto" is defined in the policy as "[a]ny vehicle shown in the Declarations," and the only vehicle shown in the policy declarations is Reynolds' GMC pickup. The question, then, is whether the Expedition can be said as a matter of law to have been "owned by" Reynolds and thus excluded from coverage. The policy defines "you" and "your" as "the named insured" and "the spouse if a resident of the same household." In its denial letter to Appellants, Hartford noted that

the vehicle which [Reynolds was] driving at the time of the accident is titled in the name of . . . Sarah Stephens, DBA Mountain Videos Inc. It is our conclusion that, inasmuch as [Reynolds was] operating a vehicle owned by [Stephens], which was not an insured vehicle under [Reynolds'] Personal Auto Policy, there would be no coverage for the accident in question.

Appellants challenge the trial court's conclusion that coverage was properly declined by Hartford under Exclusion B.2.a on the basis that Hartford and the court improperly read the term "you" under the policy.

{11} Appellants contend that "you," as used in Exclusion B.2.a, does not include Stephens. They construe "you" to mean only Reynolds. Appellants therefore urge us to read the policy so that Exclusion B.2.a excludes liability for the use of "any vehicle, other than [Reynolds' GMC pickup], which is

owned by [Reynolds]." According to their reading, unless the Expedition was owned by both Reynolds and Stephens, the exclusion is inapplicable. Hartford, on the other hand, argues that the policy excludes coverage for the use of "any vehicle, other than [Reynolds' GMC pickup], which is owned by [Reynolds or Stephens]." On the undisputed facts, the Expedition titled in Stephens' name would thus be excluded under Hartford's reading. Having considered the policy language, the weight of national authority, and the purpose behind the "owned vehicle" exclusion, we adopt Hartford's reading of the policy. We reject Appellants' reading "in favor of according to pronouns in a contract applicable to more than one person a uniform meaning consistent with policy definitions." *Hacker v. Dickman,* 75 Ohio St.3d 118, 661 N.E.2d 1005, 1006 (1996).

{12} The weight of authority on this matter is aligned with our construction today. Several states have previously construed the meaning of "you" and "yours" in the context of exclusions in automobile policies identical to the policy in question. In *Sunshine Insurance Co. v. Sprung,* 452 N.W.2d 782, 784 (S.D.1990), the South Dakota Supreme Court affirmed the trial court's declaratory judgment that a husband's liability policy did not cover an accident that occurred while he was driving his wife's vehicle that was not listed on his policy. The husband's policy contained the same owned vehicle exclusion and definitions of "you" and "your" provided in the policy in question in the instant case. *See id.* We adopt the following reasoning of the court in *Sunshine:*

> [I]t is significant that the words "you" and "your" are defined in the policy to refer to both, "1. The 'named insured' shown in the Declarations; *and* 2. *The spouse* if a resident of the same household." (emphasis added). Thus, whenever the words "you" and "your" are used in the policy, *both* [the husband] and [the wife] are included. Applying this definition to Exclusion B/2 reveals that no liability coverage is extended for use of any vehicle, other than the covered auto, owned by [the husband] *or* [the wife] or furnished or available for *their* regular use. In this instance, [the husband] was using a vehicle other than his

covered auto which was owned by [the wife]. Thus, Exclusion B/2 is applicable and denies liability coverage in this case.

*Id.* at 784.

{13} Other states are generally in accord with this construction of the meaning of "you" and "your" in the context of the same exclusion and policy definitions. In *Hacker,* 661 N.E.2d at 1007, the Ohio Supreme Court held that the unambiguous language of the "owned vehicle" exclusion excluded coverage for the wife's liability arising from the use of a vehicle not declared in her policy, but which was owned by her husband. The court held that the definition of "you" included the insured's spouse as well as the insured, and "[i]nasmuch as one of the alternatives of the definition of 'you' avails to implicate the exclusion, coverage is not provided for this incident for [the wife]." *Id.* Similar results have been reached by the courts of Indiana, Louisiana, Michigan, New York, and Washington. *See Farber v. Great Am. Ins. Co.,* 406 F.2d 1228, 1232 (7th Cir.1969); *Hillman v. Grace,* 498 So.2d 1108, 1110 (La.Ct.App. 1986); *Garrison v. Farm Bureau Mut. Ins. Co.,* 84 Mich.App. 734, 270 N.W.2d 678, 679 (1978); *August v. N.Y. Cent. Mut. Fire Ins. Co.,* 98 N.Y.2d 632, 745 N.Y.S.2d 751, 772 N.E.2d 1109, 1110 (2002) (mem.); *Schelinski v. Midwest Mut. Ins. Co.,* 71 Wash.App. 783, 863 P.2d 564, 568 (1993). *But see Barclay v. State Auto Ins. Cos.,* 816 N.E.2d 973, 977 (Ind.Ct.App.2004) (holding that the terms "you" and "your" in one spouse's personal automobile policy referred to the spouses individually, but when the term "you" referred to one spouse, it necessarily did not refer to the other, and when "you" referred to the wife, it did not refer to the husband).

{14} Our holding today also comports with the underlying purpose of the "owned vehicle" exclusion. The exclusion is designed to "prevent the insured from purchasing an insurance contract to cover the risk of operating one vehicle, and obtaining coverage on another vehicle that is regularly used in the household." *Farber,* 406 F.2d at 1232 (citing 13 Ronald A. Anderson, *Couch on Insurance* § 45:1052, at 68 (2d ed.1965)). Our courts have recognized this purpose in our case law.

*See Slack v. Robinson,* 2003–NMCA–083, ¶ 19, 134 N.M. 6, 71 P.3d 514 ("Clauses containing non-owned vehicle coverage typically include language that excludes from such coverage vehicles that should be separately listed, such as owned vehicles and vehicles frequently used by the insured."); *State Farm Fire & Cas. Co. v. Price,* 101 N.M. 438, 442, 684 P.2d 524, 528 (Ct.App.1984) ("The purpose of this clause is to protect an insurer against a situation where an insured purchases a policy covering one car and could then be covered as to all automobiles he frequently uses." (citing 1 Rowland H. Long, *The Law of Liability Insurance* § 4.07 (1983))), *overruled on other grounds by Ellingwood v. N.N. Investors Life Ins. Co.,* 111 N.M. 301, 307, 805 P.2d 70, 76 (1991).

{15} The record shows that the "owned vehicle" exclusion in this case operated according to its purpose. Reynolds originally sought to insure Stephens' Expedition with Hartford, negotiated for coverage, but chose not to insure the vehicle with Hartford. Instead, he insured his GMC pickup with Hartford and Stephens insured her Expedition with other carriers. The only vehicle listed on the declarations page of the Hartford policy issued to Reynolds was the GMC pickup, and the policy was issued to Reynolds, the named insured, alone. Accordingly, Hartford never collected or received additional or separate premiums for the Expedition. To allow recovery for injuries sustained as a result of an accident involving Stephens' Expedition under a policy that covers only Reynolds' GMC pickup would flout the very purpose of the "owned vehicle" exclusion described above, where Stephens and Reynolds were married and living together when the accident took place.

■ {16} Finally, Appellants argue in the alternative that the policy is ambiguous because the terms "spouse" and "family member" overlap in the policy definitions. The policy defines "family member" as "a person related to *you* by blood, marriage or adoption who is a resident of your household." Appellants contend that the term "family member" overlaps with the term "spouse," resulting in an ambiguity because the definition of "family member" specifically includes marriage relationships.

{17} We affirm the trial court's rejection of Appellants' requested finding of fact that the policy is ambiguous as to the terms "you" and "your." We hold that no overlap exists because, under the policy definitions, the spouse of the insured could not be logically included within the term "family member." This holding is in accord with that of courts that have considered the same argument under the same policy provisions and definitions. We adopt the following reasoning from *Hillman:*

> The term "family member" . . . is defined with reference to the defined term "you", which includes both [insured] and [spouse of insured]. Reading these two defined terms together, it is apparent that persons who fall within the definition of "you" are not included among the persons who fall within the definition of "family member."

498 So.2d at 1110; *see Sunshine,* 452 N.W.2d at 784–85 (reasoning that because the terms "spouse" and "family member" were defined, they must be read as exclusive of one another). Because we find that there is no ambiguity as a matter of law, Appellants' reasonable expectations argument necessarily fails. *See Truck Ins. Exch. v. Gagnon,* 2001–NMCA–092, ¶ 7, 131 N.M. 151, 33 P.3d 901 ("When a court interprets the terms of an insurance policy that is unclear and ambiguous, the reasonable expectations of the insured guide the analysis. However, when the policy language is clear and unambiguous, we must give effect to the contract and enforce it as written." (citation omitted)). We hold that coverage was properly excluded under the "owned vehicle clause."

**The Regular Use Exclusion**

■ {18} We now turn to the second exclusion cited in Hartford's letter declining coverage under the policy, Exclusion B.2.b, or the "regular use" exclusion. As a preliminary matter, Appellants contend that Hartford's letter to Appellants denied coverage solely on the basis of Exclusion B.2.a, and thus Hartford has waived Exclusion B.2.b as a proper ground for its initial denial and should have been estopped from asserting

this exclusion as a basis for denial at trial. *See Agoado Realty Corp. v. United Int'l Ins. Co.*, 260 A.D.2d 112, 699 N.Y.S.2d 335, 340 (N.Y.App.Div.1999) ("[W]hen an insurer denies coverage on a specific ground, it is estopped from later asserting other grounds, not previously specified, for denying coverage."); *see also Gillum v. Southland Life Ins. Co.*, 70 N.M. 293, 297, 373 P.2d 536, 539 (1961) (acknowledging the general rule that "denial of liability by an insurer, made to the insured during the period prescribed by the policy for presentation of proofs of loss on other grounds rather than failure to furnish proofs, will ordinarily be considered as a waiver of the provision of the policy requiring the filing of proofs of loss").

{19} We disagree. First, the denial letter in question expressly cites to both exclusions as grounds for declining coverage. Although the text of the letter suggests that the "owned vehicle" exception provided the primary basis for the denial and testimony proffered at trial supports this finding, contrary to Appellants' contention, there is no indication in the letter that the "owned vehicle" exception furnished the sole grounds for denial. Assuming without deciding that New Mexico would follow the specific estoppel ground as broadly described in the *Agoado* case, we decline to construe the letter as limiting its basis for denial to Exclusion B.2.a, where Exclusion B.2.b was also cited.

■ {20} Moreover, under New Mexico law, an estoppel requires some showing of detrimental reliance or prejudice. *Valley Improvement Ass'n, Inc. v. United States Fid. & Guar. Corp.*, 129 F.3d 1108, 1118–19 (10th Cir.1997) ("[An] insurer has waived defenses not relied on in its formal denial of coverage if, but only if, the insured makes a showing of 'detriment or prejudice'"); *see also Crownover v. Nat'l Farmers Union Prop. & Cas. Co.*, 100 N.M. 568, 572, 673 P.2d 1301, 1305 (1983) (holding that the insured was not prejudiced by the insurer's assertion of two inconsistent reasons for refusing coverage when the carrier gave the insured adequate notice of its change in position three months before trial); *Gillum*, 70 N.M. at 297–98, 373 P.2d at 538–39 (holding that insurer had not waived its defense that

the insured had failed to timely present a claim when there was no showing that the insured was somehow misled or relied to his detriment upon any statement of the insurer). Appellants argue that they were prejudiced by Hartford's alleged failure to cite Exclusion B.2.b in its denial letter "due to the fact that Appellants had to bring this lawsuit." However, Appellants do not demonstrate that they would not have brought this lawsuit to contest Exclusion B.2.a as a basis for denial, even if the letter did not cite Exclusion B.2.b at all but had denied coverage solely on the basis of Exclusion B.2.a. Moreover, Hartford's negotiating position in its letter denying coverage belies Appellants' contention that a lawsuit was the only possible response. The letter informs Reynolds that "[i]f you believe that any of the information upon which we have based our decision is incorrect please contact me and correct the erroneous information. If you have any additional information which you believe should be considered in connection with our decision, please provide me with this information." In short, nothing in the record indicates "that the insured acted upon the announced ground or incurred any expense, loss or detriment in reliance upon it." *Larson v. Occidental Fire & Cas. Co.*, 79 N.M. 562, 564, 446 P.2d 210, 212 (1968) (holding that the insurer had not waived its ability to invoke a basis for denying coverage separate from that raised in the initial denial), *overruled on other grounds by Estep v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 105, 110, 703 P.2d 882, 887 (1985); *see Crownover*, 100 N.M. at 571–72, 673 P.2d at 1304–05.

■ {21} Next, Appellants contend that the trial court erred in finding that Exclusion B.2.b applied to the facts of this case. Appellants argue that the evidence at trial does not support the court's conclusion that the Expedition was available for Reynolds' regular use. "The term 'regular use' suggests a principal use as distinguished from a casual or incidental use and further denotes customary use as opposed to occasional or special use." *State Farm Mut. Auto. Ins. Co. v. Moreno*, 109 N.M. 382, 384–85, 785 P.2d 722, 724–25 (1989) (citation omitted). Moreover, "[i]t may be assumed that when a car is

furnished all of the time for business purposes, with permission to use the same for incidental personal purposes, all within a certain area, the car might be said to be furnished for regular use within that area." *Id.*

{22} Such is the case here, and we affirm on the ground that the trial court's determination that the Expedition was available for Reynolds' regular use was supported by substantial evidence. Reynolds testified that he "could take [the Expedition] if [he] wanted to" and that the vehicle was "available" to him. He used the vehicle to make bank deposits, pick up items for the store, and run errands for MVI in his capacity as "consultant" or "jack-of-all-trades" for the business. When he needed the Expedition, he would use it to haul videos to MVI video outlets in other towns, to haul racks and display cases, and to drive to town and pick up items from freight lines. He testified that he performed these tasks at regular intervals, whether weekly or monthly. Stephens testified that the Expedition was made available to both her and Reynolds for use in MVI business, that Reynolds tried to use the vehicle that was owned by MVI when he was running MVI errands, and that Reynolds was using the Expedition in the course and scope of MVI business at the time of the accident. When the collision occurred, Reynolds was driving the Expedition and conducting both personal business and MVI business. We hold that this evidence supports the trial court's finding that Reynolds' use of the Expedition was "regular," so as to satisfy the definition of this term set forth above.

{23} We affirm the trial court's conclusion that Exclusions B.2.a and B.2.b operated to deny Appellants coverage under the Hartford policy. Because a determination of the coverage claims in favor of Hartford is dispositive of all of Appellants' claims, we affirm the court's grant of summary judgment in favor of Hartford on all remaining claims. We need not address the parties' contentions regarding the additional grounds on which the trial court denied coverage.

**CONCLUSION**

{24} We affirm.

{25} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and RODERICK T. KENNEDY, Judge.