This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39461**

**MICHAEL TACHIAS,**

Plaintiff-Appellee,

v.

**STANLEY LUCERO and
RONALD LUCERO,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVALCOUNTY
James A. Noel, District Judge**

Lakins Law Firm, P.C.
Charles N. Lakins
Albuquerque, NM

for Appellee

Crowley & Gribble, P.C.
Clayton E. Crowley
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendants appeal from the district court's final order incorporating its findings and conclusions in favor of Plaintiff and awarding Plaintiff attorney fees. We entered a notice of proposed disposition, proposing to affirm. Defendants filed a memorandum in opposition to that notice, and Plaintiff filed a memorandum in support, which we have duly considered. Unpersuaded, we affirm.

**{2}**     In their memorandum in opposition, Defendants oppose this Court's proposal that several allegations of error presented on appeal were insufficiently developed and continue to assert that the district court erred in not adopting their proposed findings. [MIO 2-7] However, we note that the proposed lack of development was not whether the matter had been preserved through pleadings, hearings, and proposed findings considered below, as Defendants appear to believe. [MIO 2] Although Defendants are correct that a docketing statement does not require "citation to testimony and evidence," this Court reiterates that to the extent Defendants challenge the findings, they appear to rely on their own characterization of the conflict, insist their findings should have been adopted, and do not assert that the findings made by the district court were unsupported by evidence. [CN 2] Counsel must set out all relevant facts in the docketing statement, including those facts supporting the district court's decision. *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that "the docketing statement must state all facts material to the issues" and explaining that "[t]his means that the docketing statement should recite any evidence which supports the [district] court's findings"). "When the [district] court's findings of fact are supported by substantial evidence, refusal to make contrary findings is not error." *Sheldon v. Hartford Ins. Co.*, 2008-NMCA-098, ¶ 7, 144 N.M. 562, 189 P.3d 695 (omission, internal quotation marks, and citation omitted); *see Mayeux v. Winder*, 2006-NMCA-028, ¶ 11, 139 N.M. 235, 131 P.3d 85 (recognizing that on review of the district court's factual findings, the presence of evidence supporting the opposite result is not relevant). Although Defendants make the assertion that they "cannot describe a lack of evidence other than stating it does not exist[,]" we note that Defendants have not identified what findings were unsupported by evidence. Without all the relevant facts regarding supporting the district court's decision, this Court cannot say that the district court's refusal to make contrary findings was in error. *See Sheldon*, 2008-NMCA-098, ¶ 7.

**{3}**     Moreover, Defendants do not respond to the case law cited by this Court in its calendar notice proposing to affirm. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain unpersuaded that Defendants have demonstrated error by the district court.

**{4}**     Defendants only challenge the award of nominal damages insofar as it was awarded based on the district court's findings. As we do not reverse the findings, we do not further consider the nominal damages. [MIO 9] Turning to the award of attorney fees, our notice proposed that the district court awarded attorney fees to exercise its judicial authority and to compensate Plaintiff for what it determined was Defendants' disregard of prior agreements and court orders, which was within its authority. [CN 6-7] The notice cited to portions of the record in which the district court justified its award based on Defendants' litigation tactics. [CN 5-6] Defendants continue to argue that the award was unsupported and unjustified, and that the hearings held on the award did not afford Defendants sufficient notice of the award. [MIO 9-12] Based on this Court's review of the record, we are unpersuaded by Defendants' assertion that the district

court lacked a basis for the award or failed to notify Defendants so that they could sufficiently oppose the award. [MIO 11] Moreover, these contentions are unsupported by case law. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{5}     We remain unpersuaded that Defendants demonstrated that the calendar notice was in error. Accordingly, for the reasons stated above and for the reasons stated in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**