This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40066**

**RHINO ROOFING, INC.,**

Plaintiff/Counterdefendant-Appellant,

v.

**LETICIA ENRIQUEZ,**

Defendant/Counterplaintiff-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Martin & Lutz, P.C.
David P. Lutz
Las Cruces, NM

for Appellant

Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Las Cruces, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Plaintiff-Counterdefendant Rhino Roofing, Inc. (Rhino Roofing) appeals the district court's judgment awarding Defendant-Counterplaintiff Leticia Enriquez treble damages under the New Mexico Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019). On appeal, Rhino Roofing contends that the district court improperly assessed the amount of actual damages Enriquez incurred as a result of Rhino Roofing's UPA violations. We agree, and therefore reverse.

**DISCUSSION**

**I.     Damages**

{2}     "We review findings of damages to determine whether they are supported by substantial evidence." *Moody v. Stribling*, 1999-NMCA-094, ¶ 37, 127 N.M. 630, 985 P.2d 1210. "Substantial evidence is that which a reasonable mind accepts as adequate to support a conclusion." *Jones v. Auge*, 2015-NMCA-016, ¶ 48, 344 P.3d 989 (internal quotation marks and citation omitted). "[W]e review the evidence in the light most favorable to support the [district] court's findings, resolving all conflicts and indulging all permissible inferences in favor of the decision below." *Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844. "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted). "We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Id.* (alteration, internal quotation marks, and citation omitted).

{3}     Under the UPA, "[a]ny person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a[n] . . . [unfair practice] . . . may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater." Section 57-12-10(B). If the UPA violation was willful, the district court may treble the actual damages. *Id.* To recover actual damages, "the aggrieved party must produce evidence of loss of money or property as a result of the practice." *Page & Wirtz Const. Co. v. Solomon*, 1990-NMSC-063, ¶ 22, 110 N.M. 206, 794 P.2d 349 (internal quotation marks and citation omitted), *abrogated on other grounds by Gandydancer, LLC v. Rock House CGM, LLC*, 2019-NMSC-021, ¶ 29, 453 P.3d 434.

{4}     Here, the district court concluded that Rhino Roofing violated the UPA by "knowingly ma[king] a false or misleading oral [or written] statement in its attempt to collect a debt." The parties do not dispute that Enriquez did not incur actual damages as a result of Rhino Roofing's attempts to collect a debt. Instead, the district court awarded Enriquez $7,500 for Rhino Roofing's breach of contract, which the court trebled to calculate the award of $22,500 for violations of the UPA. However, because Enriquez's damages did not result from Rhino Roofing's UPA violations, she was only entitled to statutory damages in the amount of $100.[1] *See* § 57-12-10(B). Therefore, we conclude that the district court erred in assessing actual damages for violations of the UPA.

**II.    Additional UPA Violation**

{5}     Enriquez contends that we should affirm the district court's award of damages because the court's finding of fact supports a conclusion that Rhino Roofing violated the UPA by "failing to deliver the quality or quantity of goods or services contracted for." *See* § 57-12-2(D)(17). "When a party is challenging a legal conclusion, the standard for

_____

1The district court's trebling of the UPA damages is not at issue on appeal.

review is whether the law correctly was applied to the facts, viewing them in a manner most favorable to the prevailing party, indulging all reasonable inferences in support of the court's decision, and disregarding all inferences or evidence to the contrary." *Sheldon v. Hartford Ins. Co.*, 2008-NMCA-098, ¶ 7, 144 N.M. 562, 189 P.3d 695 (internal quotation marks and citation omitted).

**{6}** An individual or entity violates the UPA when (1) "the party charged made an oral or written statement, visual description or other representation that was either false or misleading"; (2) the false or misleading representation was "knowingly made in connection with the sale, lease, rental or loan of goods or services"; (3) "the conduct complained of . . . occurred in the regular course of the representer's trade or commerce"; and (4) "the representation [was] of the type that may, tends to or does, deceive or mislead any person." *Stevenson v. Louis Dreyfus Corp.*, 1991-NMSC-051, ¶ 13, 112 N.M. 97, 811 P.2d 1308 (internal quotation marks and citation omitted). "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Id.* ¶ 17.

**{7}** Below, Enriquez argued that Rhino Roofing violated the UPA when it knowingly chose to disregard its representation that it would perform the roof repair in accordance with local ordinances when it continued to work on the roof in the absence of a required mid-roof decking inspection or a signed waiver. However, the district court instead determined that Rhino Roofing violated the UPA in its attempts to collect a debt. Enriquez did not challenge this conclusion or seek clarification of the district court's judgment.

**{8}** On appeal, Enriquez argues that the district court's findings of fact support a conclusion that Rhino Roofing violated the UPA by failing to provide the service she contracted for and that she incurred actual damages in the amount of the value of the roof ($7,500), and thus the district court's damages award should be affirmed. Citing *Ashlock v. Sunwest Bank of Roswell, N.A.*, 1988-NMSC-026, 107 N.M. 100, 753 P.2d 346, *overruled on other grounds by Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 16, 120 N.M. 133, 899 P.2d 576, Enriquez contends that the district court should have concluded that Rhino Roofing violated the UPA when it knowingly decided to disregard its earlier representation that it would perform the work on her roof in accordance with local ordinances. However, in *Stevenson*, our Supreme Court clarified that, while "a statement, not *intentionally* unfair or deceptive, could become false or misleading during the life of a transaction," the initial representation must still be made knowing that it could be misleading. 1991-NMSC-051, ¶ 15 (emphasis added). In this case, evidence was never presented, and the district court did not make any finding of fact, that Rhino Roofing knowingly made a false or misleading statement of *any* kind in connection with the solicitation of the contract to repair Enriquez's roof. Therefore, the district court's findings of fact do not support a conclusion that Rhino Roofing violated the UPA in failing to provide the contracted-for service, and we will not affirm the district court's judgment on this ground.

## III.    Right for Any Reason

**{9}**    In an attempt to avoid reversal, Enriquez asks this Court to affirm the district court's award of UPA damages as right for any reason because (1) the damages can be reassessed as punitive damages under contract law, or (2) the damages award can be reassessed as punitive damages under the UPA. Because we find no grounds for affirmance based on these arguments, we decline to uphold the district court's order as right for any reason.

**{10}**    Under the right for any reason doctrine, "an appellate court may affirm the district court on different grounds than those relied on by the district court only if those grounds do not require looking beyond the factual allegations that were raised and considered below." *Wild Horse Observers Ass'n, Inc. v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 29, 363 P.3d 1222 (internal quotation marks and citation omitted). "When applying the right for any reason rationale, appellate courts must be careful not to assume the role of the trial court by delving into fact-dependent inquiries." *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264 (alteration, internal quotation marks, and citation omitted).

**{11}**    First, Enriquez asks this Court to reassess the UPA damages award as punitive damages for Rhino Roofing's breach of contract. "An award of punitive damages for breach of contract may be sustained on appeal only if the evidence shows a culpable state of mind." *Bogle v. Summit Inv. Co., LLC*, 2005-NMCA-024, ¶ 28, 137 N.M. 80, 107 P.3d 520. "An intentional breach by itself ordinarily cannot form the predicate for punitive damages, not even when the breach is flagrant, that is, when there is no question that the conduct breaches the contract, even if the other party will clearly be injured by the breach." *Id.* Instead, the defendant's conduct must have been "sufficiently malicious, oppressive, fraudulent, or committed recklessly with a wanton disregard for the plaintiff's rights." *Id.*

**{12}**    Enriquez contends that the district court's findings of fact are sufficient to support a conclusion on appeal that punitive damages are warranted for Rhino Roofing's breach of contract. We disagree. The district court did not address the issue of punitive damages in its order, and as such did not make necessary factual findings regarding Rhino Roofing's conduct in its breach of contract that would support an award of punitive damages. *See N.M. Banquest Invs. Corp. v. Peters Corp.*, 2007-NMCA-065, ¶ 29, 141 N.M. 632, 159 P.3d 1117 ("Whether conduct arises to the level such that punitive damage are appropriate is a mixed issue of fact and law."); *Lamay v. Roswell Indep. Sch. Dist.*, 1994-NMCA-109, ¶ 14, 118 N.M. 518, 882 P.2d 559 ("[T]he issue of whether a person has acted knowingly or willfully is an issue of fact . . . ." (internal quotation marks and citation omitted)). Enriquez does not cite to any evidence or findings of fact in the record to support her contention that Rhino Roofing acted maliciously, oppressively, recklessly, or with a wanton disregard for her rights. Instead, Enriquez directs this Court's attention to certain findings of fact that would support an additional finding that Rhino Roofing acted with a culpable state of mind. However, we do not determine questions of fact on appeal, *see Jontz v. Alderete*, 1958-NMSC-037, ¶ 20, 64 N.M. 163, 326 P.2d 95 (stating that the fact-finding function lies exclusively within

the province of the trial court), especially when applying the right for any reason rationale, *see Freeman*, 2018-NMSC-023, ¶ 30. Because the issue of punitive damages for breach of contract requires a fact-dependent analysis, we decline to consider Enriquez's argument that the district court's finding of fact supports an award of punitive damages.

{13}   Second, Enriquez's argument that this Court should reassess the UPA damage award as punitive damages for violations of the UPA is contrary to well-settled law. Punitive damages are not permissible under UPA. "The only punitive damages provided for by the UPA are treble damages if the fact[-]finder finds willful misconduct." *Dollens v. Wells Fargo Bank, N.A.*, 2015-NMCA-096, ¶ 26, 356 P.3d 531. Therefore, Enriquez is not entitled to recover punitive damages for UPA violations.

{14}   For these reasons, we reject Enriquez's request that we affirm the district court's UPA damages award on right for any reason grounds. We conclude that the district court erred in assessing actual damages for Rhino Roofing's UPA violations.

**CONCLUSION**

{15}   For the foregoing reasons, we reverse the district court's award of UPA damages in the amount of $7,500 trebled to $22,500 and remand with instructions to reassess the amount of damages consistent with this opinion.

{16}   **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**MICHAEL D. BUSTAMANTE, Judge,
Retired, Sitting by Designation**