This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-35201

**STATE OF NEW MEXICO ex rel.**
**BEN-MAT FAMILY TRUST AND**
**STEFANIE BENINATO, as trustee**
**and individually,**

Plaintiff-Appellant,

v.

**CITY OF SANTA FE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia LaMar, District Judge**

Stefanie Beninato
Santa Fe, NM

Pro Se Appellant

YLAW P.C.
Josh A. Harris
Aryn Seiler
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiff Stefanie Beninato appeals from the district court's order granting judgment in favor of Defendant City of Santa Fe (the City), and dismissing Plaintiff's complaint with prejudice, following a bench trial. On appeal, Plaintiff, a licensed attorney

acting as a self-represented litigant,[1] broadly alleges error by the district court. We affirm.

## BACKGROUND

**{2}** Because this is a memorandum opinion, we only briefly summarize the historical facts and procedural history of this case. *See State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties" and "[s]ince the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]"). We reserve discussion of specific facts where necessary to our analysis.

**{3}** At its essence, this case arises from a dispute between Plaintiff and the City regarding the draining—or absence thereof—of water that accumulated at and near a storm water drain adjacent to Plaintiff's property that, following a storm that produced heavy rains, accumulated on and ultimately flooded Plaintiff's property. Plaintiff filed suit against the City for (1) inverse condemnation; (2) negligence under the New Mexico Tort Claims Act (TCA); (3) private nuisance; and (4) abatement, alleging that the City's poorly constructed and maintained drainage system caused storm water to run onto, flood, and damage her property. After a bench trial, the district court found that Plaintiff failed to prove any one of her claims and thus dismissed Plaintiff's complaint with prejudice in response to the City's motion for a directed verdict or judgment as a matter of law.

## DISCUSSION

**{4}** Though they are generally unclear and unsupported, we understand Plaintiff's numerous arguments on appeal as follows: (1) the district court erred by using the wrong standard for inverse condemnation and failed to look at the evidence in the light most favorable to her on the City's motion for directed verdict; (2) the district court erred in its findings regarding negligence and immunity; (3) the district court erroneously relied on a finding of comparative negligence in granting the City's motion for a directed verdict; (4) the district court relied on an incorrect standard for determining the presence or absence of a nuisance in fact; (5) the district court improperly restricted her right to public records without any authority under the rules of discovery, and without a legally justifiable basis; and (6) the district court erred in its application and interpretation of Rule 1-036 NMRA in finding that the City timely responded to Plaintiff's request for admissions.[2] At the outset, we remind Plaintiff, a licensed attorney, that litigants are

---

1Plaintiff appeals pro se in this matter, both individually and as trustee of the Ben-Mat Family Trust (the Trust). As Plaintiff is the sole trustor, trustee, and beneficiary of the Trust, she may represent the interests of the Trust pro se. *See Lee v. Catron*, 2009-NMCA-018, ¶ 5, 145 N.M. 573, 203 P.3d 104 ("It is only where a trustee is the sole beneficiary that the trustee may represent a trust or an estate pro se.").

2Plaintiff makes two additional arguments in her brief in chief regarding the district court's exclusion of expert witness reports that were also the subject of motions to this Court. Based on our order filed today resolving the

encouraged to limit the number of issues they choose to raise on appeal in order to ensure that those presented are adequately supported by argument, authority, and properly cited facts in the record. *See Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 55, 144 N.M. 636, 190 P.3d 1131 ("[W]e encourage litigants to consider carefully whether the number of issues they intend to appeal will negatively impact the efficacy with which each of those issues can be presented."). While, here, Plaintiff has failed to heed such guidance, we attempt to address, as best we can, each argument in turn.

**{5}**    We begin by reiterating basic appellate principles. First, this Court operates pursuant to a presumption of correctness in favor of the district court's rulings, and it is the appellant's burden to demonstrate error on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Second, "[w]e will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. Third, "[w]e will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Fourth, "[w]e assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (citation omitted).

**{6}**    These principles remain true, even in cases involving a pro se litigant, as here, because "[a]lthough pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Camino Real Envtl. Ctr., Inc. v. N.M. Dep't of Env't* (*In re Camino Real Envtl. Ctr., Inc.*), 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted). While this Court will review pro se arguments to the best of its ability, we cannot respond to unintelligible arguments. *Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262. Lastly, we emphasize these principles ahead of our analysis in this case given the general lack of intelligible arguments and dearth of specific citations to the record or to applicable law itself within Plaintiff's briefing, factors that contribute to Plaintiff's failure to meet her burden to clearly establish error on appeal.

## I.    Standard of Review

**{7}**    "We review de novo the district court's decision on a motion for a directed verdict." *Richter v. Presbyterian Healthcare Servs.*, 2014-NMCA-056, ¶ 56, 326 P.3d 50.

---

parties' motions, and given that the reports would not affect our decision, we need not address these additional arguments.

"A directed verdict is a drastic measure that is generally disfavored. A district court should not grant a motion for directed verdict unless it is clear that the facts and inferences are so strongly and overwhelmingly in favor of the moving party that the judge believes that reasonable people could not arrive at a contrary result." *Silva v. Lovelace Health Sys., Inc.*, 2014-NMCA-086, ¶ 36, 331 P.3d 958 (internal quotation marks and citation omitted). Indeed, "[a] directed verdict is appropriate only when there are no true issues of fact to be presented to a jury. The sufficiency of evidence presented to support a legal claim or defense is a question of law for the district court to decide." *Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 7, 314 P.3d 681 (alteration, omission, internal quotation marks, and citation omitted). "All evidence, including the evidence presented by the party moving for the directed verdict, must be considered, and any conflicts in the evidence or reasonable interpretations of it are viewed in favor of the party resisting the directed verdict." *Hedicke v. Gunville*, 2003-NMCA-032, ¶ 9, 133 N.M. 335, 62 P.3d 1217. However,

> the question is not whether literally no evidence exists to support the party against whom the motion is made, but whether evidence exists upon which a jury properly could return a verdict for that party. . . . [A] directed verdict is proper only when it is obvious to the judge that the nonmoving party has no pretense of a prima facie case. . . . [A] directed verdict is proper only when no substantial evidence supports one or more essential elements of the nonmovant's claim."

*Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 12, 106 N.M. 726, 749 P.2d 1105 (citations omitted).

## II. The District Court Did Not Err in Dismissing Plaintiff's Inverse Condemnation Claim

**{8}** Plaintiff argues that the district court used the wrong legal standard in dismissing her claim of inverse condemnation and failed to view the evidence in the light most favorable to her on the City's motion for directed verdict. Specifically, Plaintiff contends that the district court applied the wrong standard for inverse condemnation by focusing on whether the City used Plaintiff's property to store or divert water, and asserts that "[t]he correct standard is whether the [C]ity had taken calculated risks in the design and installation of the streets and storm drain for the public benefit that it knew, should have known, or could have foreseen could cause damages to others." We disagree. "An inverse condemnation proceeding is an action or eminent domain proceeding initiated by the property owner (condemnee) rather than the governmental entity (condemnor), and is generally available where private property has been taken for public use without a formal condemnation proceeding." *Moongate Water Co. v. City of Las Cruces*, 2014-NMCA-075, ¶ 7, 329 P.3d 727; *see also North v. Pub. Serv. Co. of N.M.*, 1983-NMCA-124, ¶ 9, 101 N.M. 222, 680 P.2d 603 (noting that if the condemnor "has taken or damaged property for public use without making just compensation therefor or without initiating proceedings to do so, the property owner has recourse through inverse condemnation proceedings"). "The damage must be the result of the public entity's

deliberate taking or damaging of the property in order to accomplish the public purpose." *Electro-Jet Tool Mfg. Co. v. City of Albuquerque*, 1992-NMSC-060, ¶ 9, 114 N.M. 676, 845 P.2d 770. Stated simply, Plaintiff here was required to prove there was a taking by the City for public use, which Plaintiff failed to do. *See Moongate Water Co.*, 2014-NMCA-075, ¶ 7 ("The mere fact that a party brings an inverse condemnation action, however, does not mean that there has been a taking."). We explain.

**{9}** Plaintiff relies on *Electro-Jet* for the proposition that "[t]he fundamental justification for inverse condemnation liability is that the public entity, acting in furtherance of public objectives, is taking a calculated risk that damage to private property may occur." 1992-NMSC-060, ¶ 23 (quoting *Yox v. City of Whittier*, 227 Cal. Rptr. 311, 316 (Cal. Ct. App. 1986). Plaintiff claims that the district court should have based its decision on the City's design and installation of the streets and storm drain system, arguing that the City knew or should have known the damages that could arise, thus impacting the public. However, the district court is entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact finder"). "When the trial court's findings of fact are supported by substantial evidence, refusal to make contrary findings is not error." *Sheldon v. Hartford Ins. Co.*, 2008-NMCA-098, ¶ 7, 144 N.M. 562, 189 P.3d 695 (omission, internal quotation marks, and citation omitted). Thus, the district court's focus on the clay pipe located on Plaintiff's property that was neither installed nor maintained by the City, rather than Plaintiff's argument that the City broadly failed in its responsibility to construct functioning roadways and drainage, was within the district court's determinative purview in light of the nature of Plaintiff's inverse condemnation claim and the evidence at trial. Even if we were to agree that the district court unduly focused on the drain at issue and the circumstances of its failure, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters*, 1997-NMCA-044, ¶ 12. Moreover, consistent with our presumption of correctness, "[u]nless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." *Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 25, 146 N.M. 473, 212 P.3d 361 (internal quotation marks and citation omitted).

**{10}** Here, the district court found that Plaintiff knew that her property was below the grade or level of the intersection in front of her property, that Plaintiff was aware of prior flooding of the property but took no action to mitigate future damage to her property until after the flood in question in August 2011, that Plaintiff's own property included a clay pipe drain that was likely insufficient to accommodate the flood in August 2011, that there was no evidence the clay pipe was installed or maintained by the City, and that even in the light most favorable to her, Plaintiff had not proved her inverse condemnation claim because there was no evidence of a taking because the City did not use Plaintiff's property to store or divert water. Because inverse condemnation requires that "*private property* has been taken for public use without a formal

condemnation proceeding[,]" *Moongate Water Co.*, 2014-NMCA-075, ¶ 7 (emphasis added), the district court did not err in basing its findings on the clay pipe drain—which was on Plaintiff's *private property*—rather than the streets and storm drain system adjacent to Plaintiff's property. We thus conclude that the district court did not err in dismissing Plaintiff's claim of inverse condemnation in granting the City's motion for directed verdict.

## III.  The District Court Did Not Err in Dismissing Plaintiff's Negligence Claim

**{11}**  Plaintiff argues that the district court's findings regarding negligence were erroneous. Plaintiff's arguments regarding negligence are extremely unclear, but we understand them to essentially be that (1) the district court based its findings on insufficient evidence, (2) the district erred regarding its finding of the City's immunity under the TCA, and (3) the district court's finding of comparative negligence was improper. We briefly address each argument.

### A.  Negligence

**{12}**  Plaintiff appears to argue that the district court erred in its finding that the City did not breach the applicable standard of care. We cannot review this argument, considering the inadequacy of Plaintiff's briefing on this issue, and given the fact that we do not respond specifically unintelligible arguments. *See Clayton*, 1990-NMCA-078, ¶ 12.

**{13}**  To the extent that Plaintiff challenges the sufficiency of the evidence to establish the district court's finding of reasonable care, Plaintiff must "include the substance of all the evidence bearing upon a proposition[.]" *Wachocki v. Bernalillo Cty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 (internal quotation marks and citation omitted). Where an appellant fails to do so, the Court "will not consider a challenge to the sufficiency of the evidence." *Id.* When an appellant discusses only those facts that "tend to show that some of the district court's findings were contradicted," the appellant does not "address the substance of all the evidence bearing on the findings" and therefore necessarily fails to "demonstrate how the evidence supporting the district court's findings fails to amount to substantial evidence." *Id.*

**{14}**  Here, the district court found that Plaintiff did not prove that the City engaged in negligent maintenance of streets or drainage structures or that the City caused any damage resulting from the same, even when viewed in the light most favorable to Plaintiff. Plaintiff challenges the district court's findings based only on unsupported assertions. Plaintiff's challenges are exactly the type this Court is unwilling to entertain; they show only that some findings are contradicted. *See id.* Considering our presumption of correctness in favor of the district court, *Farmers*, 1990-NMSC-100, ¶ 8; *Aragon*, 1999-NMCA-060, ¶ 10, along with Plaintiff's undeveloped and inadequate arguments, we conclude that the district court did not err in finding that Plaintiff failed to prove that the City was negligent or that the City caused damage to Plaintiff's property.

## B. Immunity

**{15}** Though similarly difficult to discern, Plaintiff appears to argue that the district court misapprehended and misapplied applicable provisions of the TCA regarding the City's immunity. The district court found that the City has immunity under the TCA and that there was no known dangerous condition to which the City was obligated to respond. We agree with the district court.

**{16}** NMSA 1978, Section 41-4-4(A) (2001) grants governmental entities and public employees immunity from liability from any tort except as otherwise waived by statute. There are numerous exceptions to the immunity granted under Section 41-4-4(A), including NMSA 1978, Sections 41-4-11(A) (1991, amended 2019), and 41-4-6(A) (2007). Section 41-4-11(A) provides that the immunity granted pursuant to Section 41-4-4(A) "does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting in the scope of their duties during the construction, and in subsequent maintenance of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area." Section 41-4-11(A). Section 41-4-6(A) provides a similar exception to the immunity granted by Section 41-4-4(A), stating that such immunity "does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." Section 41-4-6(A).

**{17}** Plaintiff appears to challenge the district court's reference to Section 41-4-6(B). The district court concluded that the NMTCA "grants immunity to the City of Santa Fe under the facts of this case as per [Section] 41-4-6B." The district court next quotes *Martinez v. New Mexico Department of Transportation*, 2013-NMSC-005, ¶ 21, 296 P.3d 468, for its proposition "that the term maintenance requires a reasonable response to a known dangerous condition on a roadway." Because *Martinez* focuses on Section 41-4-11(A), the statutory provision that applies to the case at bar, we conclude that the district court's reference to Section 41-4-6(B) was an inadvertent technical mistake, not a substantive error that could warrant reversal. *Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M.403, 785 P.2d 743 ("Even where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned.").

**{18}** Plaintiff's remaining arguments regarding immunity, insofar as we are able to decipher them, center on her contention that the court erred in finding that a flood—whether a 10-year, 50-year, or 100-year flood—does not constitute a known dangerous condition such that the waiver of immunity available under the NMTCA could be triggered. However, Plaintiff failed to introduce any evidence to establish that the City installed or maintained a culvert or storm drain on Plaintiff's property, as the district court found. The district court also found that Plaintiff acted as her own general contractor in modifying the property before the flood, (2) the water from the flood

entered Plaintiff's home only through a crawl space opening that had not been filled in prior to the flood, but was filled thereafter, (3) Plaintiff had a clay pipe drain located on her property that was likely not sufficient to accommodate the flood. Thus, we agree with the district court that Plaintiff failed to meet her burden of proof on this issue, and therefore immunity was not waived under the NMTCA.

**{19}** Additionally, while Plaintiff apparently relies on *Martinez* to support her contentions against the district court's findings, we do not accept Plaintiff's characterization of the case. Plaintiff cites no authority for the proposition that a storm drain subject to periodic flooding constitutes a "street" or "roadway" under Section 41-4-11(A), and we assume no such authority exists. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Nor does Plaintiff explain why we should treat a storm drain as a "street" or "roadway." We therefore conclude that the district court properly framed the immunity question as whether the City's alleged failure to reasonably respond to a known dangerous condition, periodic flooding, amounted to an allegation of negligence in maintaining the street on which Plaintiff's property was located. Because Defendant has not persuaded us that the district court answered this question incorrectly, we conclude that the district did not err.

## C. Comparative Negligence

**{20}** While we have no duty to review unintelligible arguments, *Clayton*, 1990-NMCA-078, ¶ 12, we understand Plaintiff's next argument to be that the district court erroneously made an implicit finding of comparative negligence. Plaintiff alleges that because the district court granted the City's motion for directed verdict, the City necessarily did not have to present evidence or affirmative defenses in its case in chief. We reiterate that, when considering a directed verdict,

> the question is not whether literally no evidence exists to support the party against whom the motion is made, but whether evidence exists upon which a jury properly could return a verdict for that party. . . . [A] directed verdict is proper only when it is obvious to the judge that the nonmoving party has no pretense of a prima facie case [and] . . . when no substantial evidence supports one or more essential elements of the nonmovant's claim.

*Melnick*, 1988-NMSC-012, ¶ 12. When presented with a motion for a directed verdict, "[t]he sufficiency of the evidence presented to support a legal claim or defense is a question of law for the district court to decide." *Rist*, 2013-NMCA-109, ¶ 7 (alteration, internal quotation marks, and citations omitted). Here, the district court considered the evidence presented by Plaintiff and determined that Plaintiff failed to prove any one of her claims. There was no error by the district court in doing so, nor is Plaintiff's briefing adequate as to this contention. Specifically, Plaintiff fails to point out where within the district court's findings it referenced, much less applied, principles of comparative negligence. Thus, to the extent we are able to decipher Plaintiff's arguments on this

issue, they altogether lack support in the record. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

## IV.    The District Court Did Not Err in Dismissing Plaintiff's Nuisance Claim

**{21}**    We understand Plaintiff's argument to be that the district court erred in dismissing Plaintiff's nuisance claim by using the wrong standard for determining a nuisance in fact, instead applying the standard of nuisance per se, and failing to apply the City's definition of nuisance as set forth in the city ordinance. We conclude that the district court applied the correct standard by finding that a nuisance was not proven by Plaintiff, even viewing the evidence in the light most favorable to Plaintiff. *See Hedicke*, 2003-NMCA-032, ¶ 9 ("All evidence, including the evidence presented by the party moving for the directed verdict, must be considered, and any conflicts in the evidence or reasonable interpretations of it are viewed in favor of the party resisting the directed verdict.").

**{22}**    As to the question of the existence of nuisance, the district court found that the threat of flooding is always present, and the asphalt berm was not a nuisance, but was used to divert flood waters away from Plaintiff's property. A nuisance is defined as "the [u]nreasonable, unwarranted, or unlawful use of property, which causes injury, damages, hurt, inconvenience, annoyance or discomfort [t]o one in the legitimate enjoyment of his reasonable right of person or property." *Trujillo v. City of Albuquerque*, 1979-NMCA-127, ¶ 30, 93 N.M. 564, 603 P.2d 303 (Sutin, J., dissenting) (internal quotation marks and citation omitted). Plaintiff bears the burden to establish that the district court erred in determining that the City created no nuisance, but Plaintiff provides only unsupported assertions and unclear briefing. *See Chan*, 2011-NMCA-072, ¶ 9 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Plaintiff appears to additionally contend that the district court erred in determining the credibility of contradictory evidence. To the extent we understand her unclear and underdeveloped assertions, we remind Plaintiff that the district court is entitled to resolve any conflicts in the evidence and this Court will not reweigh that evidence on appeal. *See Las Cruces Prof'l Fire Fighters*, 1997-NMCA-044, ¶ 12 (stating that "we will not reweigh the evidence nor substitute our judgment for that of the fact finder"). We conclude that the district court did not err in dismissing Plaintiff's nuisance claim.

## V.    The District Court Did Not Err in Restricting Plaintiff's IPRA Requests

**{23}**    Although difficult to discern, it appears Plaintiff argues that the district court restricted her right to request public records without any authority under the rules of discovery and without a legally justifiable basis and erred in dismissing Plaintiff's counterclaim. Insofar as Plaintiff argues that her rights were restricted by the denial of her IPRA request, we conclude that based on the inadequate briefing on this matter,

including a general lack of citation to the record or supportive authority, Plaintiff has not met her burden of demonstrating error on appeal. *See Curry*, 2014-NMCA-031, ¶ 28 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Muse*, 2009-NMCA-003, ¶ 72 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Headley*, 2005-NMCA-045, ¶ 15 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Accordingly, we conclude that the district court did not err in restricting Plaintiff's IPRA requests and dismissing Plaintiff's counterclaim.

### VI. The District Court Did Not Err in Its Interpretation and Enforcement of Discovery Rules

**{24}** Again here, Plaintiff's arguments are entirely unclear, but we understand her primary contention to be that the district court did not enforce discovery rules concerning the time period for a response to the request for admissions, and it found that the City's disregard of the amended court-ordered deadline, which was extended specifically for the City to respond to admissions, was reasonable and subsequently fined Plaintiff for bringing the issue to the court's attention. Based upon the absence of specifics—factual or legal—in Plaintiff's undeveloped argument, we are unable to review this issue, *see Headley*, 2005-NMCA-045, ¶ 15, and we decline to do Plaintiff's work for her by clarifying her claims on appeal. *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). We therefore must conclude the district court did not err in its determinations regarding discovery in this case.

### CONCLUSION

**{25}** For the reasons set forth above, we affirm.

**{26} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**